*Ex Parte* ROBERT J. WELLS

164 So. 134.
Opinion Filed October 26, 1935.
Rehearing Denied December 4, 1935.

*P. B. Huff, Barton T. Douglas* and *Zack H. Douglas,* for Petitioner.

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant Attorney General, *Clifford T. Inglis,* and *William A. Hallowes, III,* for Respondent.

PARKS, Circuit Judge.—Alleging facts constituting grounds of extreme cruelty and desertion, Jessie R. Wells, on the 15th day of May, 1933, filed a bill for divorce against Robert J. Wells, the petitioner in this proceeding.

Answering the bill he admitted marriage as alleged, but denied present existence of the marital relation, averring that prior to the filing of the bill a decree of divorce had been entered by a court of competent jurisdiction in the

State of Chihuahua, Mexico, severing the marital ties between him and the plaintiff. Confronted with the issue of the existence *vel non* of the marital relation the Circuit Judge for Alachua County on June 26, 1933, entered the following order for temporary alimony;

"This cause coming on to be heard upon application of the complainant for alimony *pendente lite,* counsel fees and suit money, and it appearing to the Court that the bill of complaint alleges a marriage between said complainant and defendant, and the answer admits the marriage between said parties, and the Court having heard the testimony in said cause as to the complainant's necessity and the defendant's ability to pay,

"It is considered by the Court that the said application for temporary alimony be and the same is granted.

"It Is, Therefore, Ordered, Adjudged and Decreed that the defendant, R. J. Wells, do pay to the complainant, Jessie R. Wells, the sum of ten dollars ($10.00) on Thursday the 29th of June, 1933, and ten dollars ($10.00) on Thursday of each week thereafter, until the further order of this Court."

On May 3, 1935, in a hearing upon an order directed to the defendant to show cause why he should not be adjudged in contempt for failure to obey and comply with the order of June 26, 1933, the following order of contempt was entered:

" This cause coming on this the 3rd day of May, A. D. 1935, to be heard upon the petition for rule to show cause, the rule to show cause and the return thereon (the hearing on said rule to show cause having been continued to this day upon request of P. B. Huff, Esquire, solicitor for defendant), and the defendant, Robert J. Wells and his counsel being present in Court and it appearing to the Court that

said defendant was duly served with said rule and it appearing from his own sworn testimony that he is delinquent in his payments of alimony *pendente lite* required by the order of the Honorable A. V. Long, Judge of said Court, made the 26th day of June, A. D. 1933, the amount of said delinquencies being in the sum of Nine Hundred and Twenty ($920.00) dollars and, it further appearing from his sworn testimony that he has made and received the sum of approximately Sixteen Hundred ($1600.00) Dollars during the past year and that he has paid no part thereof to the plaintiff in compliance with said order of the said Judge Long and it further appearing that the plaintiff is without means, except the amounts received by her from relatives and friends and from the minor child of the parties hereto (who is employed at a salary of Five ($5.00) Dollars per week), and it further appearing that said minor child is now in a hospital in Gainesville, Florida, by reason of an operation for appendicitis and it further appearing that the defendant has wilfully omitted and refused to pay any portion of the delinquencies due by him on account of said alimony *pendente lite* allowed by said order of Judge Long and it further appearing that the defendant has not offered to pay any portion thereof and that said willful refusal and omission to comply with said order dated the 26th day of June, A. D. 1933, constitute contempt of this Court and that he should be punished for his said contempt, it is thereupon, .

"ORDERED AND ADJUDGED that the said Robert J. Wells, defendant, is adjudged in contempt of Court.

"It is, therefore, considered by the Court and so ordered that you, the defendant, Robert J. Wells, be adjudged in contempt of this Court for your failure to comply with the order hereinabove mentioned and that in punishment for

your said contempt that you be confined in the County Jail of Alachua County, Florida, for a period of ninety days from this date; if within said time the said Robert J. Wells shall offer to purge himself by paying a substantial portion of the delinquencies due by the defendant to the plaintiff, leave is hereby granted the defendant to be heard."

Under this order the petitioner was taken into custody by the Sheriff of Alachua County, whereupon he applied for and secured from this Court a writ of habeas corpus to effect his release. In his return the sheriff relies upon the foregoing contempt order.

In his petition for the writ petitioner charges that Jessie R. Wells, the plaintiff in the divorce case, was not his wife on the dates of the respective orders of June 26, 1933, and May 3, 1935; that the marital relation between the parties no longer existed, and the Court was therefore without jurisdiction to enter the orders. More precisely, his contention here is that the order of May 3, 1935, was void because the Circuit Judge before entering the order of June 26, 1933, should have inquired into and determined the existence of the marital status, in view of his denial of its existence, and failing so to do jurisdiction was lacking to enter either of said orders. The record itself does not clearly reflect the ascribed delinquency on the part of the Court, but we may assume that such was the case.

The contention that he is entitled to his discharge on the ground asserted is equally fallible for two reasons. The Court had jurisdiction of the parties and the subject matter, and its adjudication of all jurisdictional facts necessary or proper in entering the order of June 26, 1933, may not be challenged collaterally in habeas corpus. Again, failure to inquire into and determine the disputed marital status of the parties is a procedural irregularity only, and does not

rise to the dignity of a jurisdictional prerequisite. The case falls clearly wthin the rule of Bronk v. State, 43 Fla. 461; 31 So. 248. In that case by habeas corpus proceedings, the attempt was made to review the propriety of the issuance of a writ *ne exeat,* and the proceedings thereunder including the Court's determination of jurisdictional facts, as well as the sufficiency of the evidence to sustain the writ. This Court in refusing such review, held that the proceeding by habeas corpus was a collateral attack upon the *ne exeat* proceeding. We have found no case where this Court has receded from that position.

Petitioner relies upon *ex parte* Earman, 85 Fla. 297, 95 So. 755; Wilson v. Joughin, 105 Fla. 353, 141 So. 182; Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185; but none of these cases sustains his contention. There the attacks were made directly against the contempt orders, whereas here the attack is directed against the order allowing temporary alimony.

It is true that orders for temporary alimony may not properly be entered in cases where the defendant denies the existence of the marital relation at the time of the application, and it was so held in Stewart v. Stewart, 155 So. 114; Banks v. Banks, 42 Fla. 362, 29 So. 318; but those orders were before the Court on appeal.

Petitioner remanded.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.

ELLIS, J., absent because of illness.