EVERETT E. DRIGGERS v. B. D. PEARSON

192 So. 881
Division B
Opinion Filed January 5, 1940
Rehearing Denied January 23, 1940

*W. D. Bell,* for Plaintiff in Error;

*Henry L. Williford* and *James E. Kirk,* for Defendant in Error.

Brown, J.—The present writ of error was taken to a judgment of the lower court, remanding the plaintiff, Driggers, to the custody of the sheriff, entered after the hearing on a writ of habeas corpus issued in the cause following a citation of contempt for failure to pay alimony *pendente lite* and attorney's fees as ordered by the court. Suit was originally instituted by Maud Driggers by the filing of a bill in the nature of a "bill for separate maintenance," under Section 4988 C. G. L., alleging extreme and repeated cruelty. Incorporated in the bill was a petition for alimony *pendente lite* and counsel's fees. Defendant, without questioning the sufficiency of the bill, answered the same and a hearing was had on the petition of temporary alimony. After hearing all the testimony adduced by complainant and defendant, the court on May 17, 1939, entered an order requiring the defendant to pay the plaintiff $7.50 per week and $100.00 as temporary attorney's fees. Upon

failure of the defendant to comply with the terms of the order, a rule to show cause was, about three weeks thereafter, issued, and upon hearing on June 13, 1939, the court found that no sufficient cause had been shown for defendant's failure to obey the court's order, and imposed a jail sentence for contempt of court.

The plaintiff in error attempts to raise several questions in connection with the validity of the order citing him for contempt. In such collateral attack by habeas corpus proceedings in this type of case, practically the only question which can be raised is the jurisdiction of the committing court over the subject matter and the parties. Kooman, Florida Chancery Pleading and Practice, Section 244, pp. 557; Palmer v. Palmer, 28 Fla. 295, 9 So. 657; *Ex Parte* Wells, 121 Fla. 457, 164 So. 134. Errors, if any, committed by the court in the exercise of its jurisdiction may be remedied by appeal. Richey v. McLeod, 137 Fla. 268, 188, So. 228.

It is apparent that the court had jurisdiction of the parties and the subject matter. The bill sufficiently alleged the requisite period of residence and the testimony substantiated these allegations. The bill adequately set out the marital status and this was also upheld by the evidence— even admitted by the defendant. The only jurisdictional question seriously raised by Driggers, in this writ of error, is that the allegations in the bill setting out the existence of ground for divorce that would entitle the complainant to relief under Section 4988 C. G. L. were wholly insufficient, and conferred no jurisdiction upon the court. The lower court considered this contention and held it to be without merit. In this holding, we think the lower court was correct.

This court has held that in order for the complainant to secure a divorce, the bill, in addition to the general charge

of "extreme cruelty," must specify leading facts, or at least some facts, upon which the general charge is based. Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694, 702; wherein it was said:

" 'These facts must be so definitely alleged as to appraise the defendant of the nature of the facts to be proved, and to enable defendant to prepare his or her defense, as well as in order that the court may judge whether, the facts being proved, they will support the general charge.' "

Even if it were admitted for the sake of argument that the bill in the present case did not contain as full and specific allegations as might have been made, the defendant answered the bill without questioning its sufficiency; and as a matter of law and fact, the allegations of the bill were amply sufficient to invoke the jurisdiction of the court, and were also entirely adequate for the purpose of making this interlocutory order for the payment of alimony pending the trial of the issues made by the bill and answer. See Lovett v. Lovett, 93 Fla. 611, 112 So. 768, headnotes 7 and 8.

This court has further held that the mere question of the sufficiency of the bill of complaint is not essentially in issue on an application for temporary alimony, solicitors' fees and costs, as such amendable defects as may appear in the bill may be amended prior to the entry of final decree. Condor v. Condor, 117 Fla. 98, 157 So. 177. See also in this connection, Miller v. Miller, 33 Fla. 453, 15 So. 222.

Plaintiff in error contends that the citation for contempt does not affirmatively show that he is able to comply with its terms. This citation was issued June 6, 1939, and hearing was had and contempt order made on June 13, 1939.

In answer to the last above stated contention of the plaintiff in error, it appears that his ability to pay the sums awarded was adjudicated upon full hearing of the testimony for both parties on this issue, and the order of May

17, 1939, commanding him to make the payments was then entered. The question of the defendant's ability to pay, or not to pay, was presented at that time; and upon failure of the court to sustain this defense, if there was any error in such ruling, an appeal could have been taken. See Orr v. Orr (decided this term of court but not yet reported). The order thus made cannot be attacked collaterally for mere error, if there was error.

The record in the instant case discloses that the plaintiff in error did attempt to show his inability at the time of the hearing but that such defense was not sustained by the court. The court, after hearing all of the testimony, for both plaintiff and defendant, made the allowance and order above referred to. It thus appears that the Chancellor had adequately investigated the financial status of the plaintiff in error prior to the entry of his contempt order.

For the above reasons we are of the opinion that the judgment of the lower court should be, and the same is hereby,

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.