PER CURIAM.
Appellant, Eric Pierre Jerome, challenges a trial court order in a dissolution action finding him in contempt and directing his incarceration until he complies with a prior support order. We reverse.
In Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla.1985), the court specifically addressed the use of contempt proceedings in family support matters. The Bowen court receded from any language in its prior opinions suggesting that incarceration can be imposed upon a civil contemnor who lacks the present ability to pay the amount of arrear-age. Earlier, in Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976), the court established that the present ability to satisfy the purge condition is a prerequisite to incarceration for civil contempt. Because the record on appeal failed to establish Fair-cloth’s ability to pay the specified support arrearage, the supreme court quashed the district court’s decision approving of Fair-cloth’s incarceration and directed that the case be remanded to the trial court for an affirmative finding of ability or otherwise vacation of the contempt order.
In Bowen, the court noted the essential difference between civil contempt as a remedy to secure compliance with a court order, and criminal contempt as a means to punish for wilful interference with the court’s process. The court summarized the appropriate procedure for es- *541 tabhshing civil contempt in family support matters. First, the claimant must show a prior order which establishes the amount to be paid and which creates a presumption that the defaulting party has the ability to pay that amount. This presumption flows from the necessary conclusion made in the prior order that the defaulting party was able to pay the support ordered. Once such a support order is shown, the defaulting party bears the burden of producing evidence to dispel the presumption that he has the ability to pay. In order to hold the defaulting party in civil contempt and order incarceration as a means to compel obedience to the prior order, the trial court must separately find that the contemnor has the present ability to pay the purge amount. See Bowen, 471 So.2d at 1280. Criminal contempt proceedings may also be initiated against a party who may have wilfully divested himself of the ability to pay as directed by prior order or who otherwise wilfully violates a court order. However, such proceedings must comply with the appropriate rules of criminal procedure.
The order holding Jerome in contempt closely follows most of the steps in the Bowen procedure. The order relied upon a prior order requiring Jerome to pay amounts due on the mortgage on the couple’s marital home. Substantial evidence was produced demonstrating that Jerome failed to make the payments as they became due. However, the trial judge failed to make the separate affirmative finding required by Bowen regarding Jerome’s present ability to pay the amounts due.
Based on the foregoing analysis, we reverse and remand with directions to the trial court to reevaluate Jerome’s failure to perform the court-ordered obligation, placing particular emphasis on whether his current financial situation will permit him to pay the amount ordered.
ANSTEAD and POLEN, JJ., concur.
STONE, J., concurs specially with opinion.