PER CURIAM.
In accordance with a prior order of this court, this petition for writ of habeas corpus is denied.
Several months prior to petitioner’s arrest and incarceration, the trial court entered a civil contempt order against the petitioner for his failure to pay alimony. The order, which was based upon a mas *21 ter’s report and findings[1], found that the petitioner was $235,000 in arrears. The contempt order provided for the petitioner’s commitment, and for a purge payment.
The master’s report upon which the contempt order was founded made no specific finding concerning petitioner’s ability to pay the purge amount at that time. There is no record of the initial master’s hearing. No appeal was taken from the contempt order, and no payments were made.
A subsequent order was entered, based on an additional master’s report, providing that the outstanding arrest order would be dissolved upon posting of a one hundred thousand dollar ($100,000) bond. The record reflects allegations that petitioner evaded service of the arrest warrant.
Upon his arrest, the petitioner claimed that he should be released forthwith absent a specific finding of record that he had the ability to pay the purge amount. See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); Jerome v. Jerome, 568 So.2d 540 (Fla. 4th DCA 1990); LeNeve v. Navarro, 565 So.2d 836 (Fla. 4th DCA 1990); Pabian v. Pabian, 480 So.2d 237 (Fla. 4th DCA 1985). Petitioner raised this issue by a motion to dismiss, heard at an emergency hearing shortly after his arrest. In denying an immediate dismissal, the trial court noted that petitioner had not initially alleged that his detention was illegal and that he was then unable to pay. Therefore, the trial court recognized that another hearing would be required on that issue as the outstanding, and previously unchallenged, contempt order remained unrefuted.
Upon the petition being filed in this court, we ordered that a hearing to determine petitioner’s present ability to pay must be held within five days. We also ordered the petitioner to address any bond request to the issue of appearance, and not payment.
Petitioner asserts that the trial court’s failure to release him forthwith, without the need for a hearing to determine his ability to pay, contravenes the Bowen requirement that there be a finding of ability to pay. However, we conclude that the petitioner is not entitled to a writ directing his immediate release in the face of the outstanding, and previously unchallenged, court order. Rather, petitioner’s remedy is to seek a stay of enforcement of the outstanding contempt in the trial court and, since the proceeding remains a civil contempt enforcement, to seek an evidentiary hearing on petitioner’s present ability to pay the purge amount or a modification of the purge amount. Cf. Driggers v. Pearson, 141 Fla. 256, 192 So. 881 (1940).
GUNTHER, STONE and WARNER, JJ., concur.

. Apparently the initial contempt proceeding was not contested, as the petitioner did not appear. However, we do not consider this factor determinative, as petitioner did not and does not contest the court’s jurisdiction to enter the contempt order.