693 So.2d 1124 (1997)
Anthony CALICCHIO, Appellant,
v.
Amy CALICCHIO, Appellee.
No. 96-3873.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
Richard G. Bartmon of Law Offices of Bartmon & Bartmon, Boca Raton, for appellant.
No brief filed for appellee.
PER CURIAM.
The husband appeals an order holding him in contempt for failure to pay temporary alimony and requiring its payment within 30 days.[1] No incarceration has been ordered. We affirm the trial court's order.
The appellant first challenges the order awarding temporary alimony which he did not appeal. He cannot use an order finding him in contempt as a back door to challenging the propriety of the unappealed order awarding alimony. See Driggers v. Pearson, 141 Fla. 256, 192 So. 881 (1940).
In his second argument, he claims that the order of contempt is invalid for failure to state reasons for granting the motion. See § 61.14(5)(a), Fla. Stat. (1995). The order states, "Respondent has disregarded the Court's order by failing to pay sums he was order [sic] to pay Petitioner in the Court's order of July 9, 1996." We do not know what more the trial court is expected to state for reasons granting a motion for contempt.
Finally, he claims that the evidence affirmatively demonstrates that he cannot pay the sums due. Unfortunately, there is no transcript of the proceedings before the trial court. Therefore, further consideration *1125 of this issue is barred by Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Affirmed.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.
NOTES
[1] Whether this order is an appropriate subject for a non-final appeal has, of late, received attention in our court. See Alves v. Barnett Mortgage Co., 688 So.2d 459 (Fla. 4th DCA 1997) (Farmer, J., specially concurring). We agree that there is a question as to the jurisdictional basis to review this non-final order. However, we have in the past permitted review, citing Fla.R.App.P. 9.130(a)(3)(C)(ii) and (iii). Langbert v. Langbert, 409 So.2d 1066 (Fla. 4th DCA 1981).