DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**100 EMERALD BEACH WAY LC,**
Appellant,

v.

**JOHN THORNTON, MARGARET THORNTON,** and
**SMM REALTY, LLC,**
Appellees.

Nos. 4D20-2792 and 4D21-508

[June 8, 2022]

Consolidated appeal of nonfinal orders from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gerald Joseph Curley, Jr., Judge; L.T. Case No. 50-2017-CA-008154-XXXX-MB.

Kristen M. Fiore of Akerman LLP, Tallahassee, David P. Ackerman of Akerman LLP, West Palm Beach, and E. Raul Novoa, Jr. of Akerman LLP, West Palm Beach (withdrew after briefing), for appellant.

Eric D. Isicoff, Teresa Ragatz, and Christopher M. Yannuzzi of Isicoff Ragatz, Miami, and J. Chris Bristow of Critton Luttier Coleman, LLP, West Palm Beach, for appellees.

CONNER, C.J.

In this consolidated appeal, 100 Emerald Beach Way LC ("100 LC") appeals a nonfinal contempt order and a nonfinal order granting the appellees' motion for partial summary judgment and entering a permanent injunction. The injunction prohibits 100 LC and its guests or invitees from parking or stopping on the easement running across the appellees' property.

We affirm the trial court's rulings without discussion except to briefly explain the reason why we affirm the trial court's decision that the private easement for ingress and egress in this case does not permit 100 LLC and its invitees from stopping or parking on the easement property or engaging in other activities (such as unloading vehicles). Based on the evidence presented, we agree that the trial court properly found: no implied or secondary easement rights for such activities; the easement property is

not a public or private street; and 100 LC is estopped from claiming the property has such status.[1]

We also write to address a conflict between the decisions of this Court and our sister courts on the question of whether we have jurisdiction to review a pre-judgment contempt order under Florida Rule of Appellate Procedure 9.130, rather than certiorari jurisdiction.

The underlying suit revolves around a recorded access easement granting use of a portion of the appellees' property to 100 LC. In part, the parties dispute the extent to which vehicles used by 100 LC's guests and invitees can park or stop on the easement property while waiting for a security gate to open to gain access to 100 LC's property. While the suit was pending, the trial court entered temporary orders regarding use of the easement by 100 LC.

The appellees moved for contempt, alleging multiple violations of the temporary orders. The appellees also moved for summary judgment on their claim for a permanent injunction. The trial court found 100 LC in contempt and imposed a monetary fine with a purge provision that the fine was not payable if there were no further violations. The trial court also found entitlement to attorney's fees as a contempt sanction. Finally, the trial court granted the appellees' motion for summary judgment, imposing a permanent injunction against 100 LC.

For at least three decades, this Court has reviewed civil contempt orders issued prior to final judgment as nonfinal appeals. *See Castelli v. Castelli*, 159 So. 3d 271, 272 (Fla. 4th DCA 2015); *Alves v. Barnett Mortg. Co.*, 688 So. 2d 459, 460 n.1 (Fla. 4th DCA 1997); *Cont'l Cas. Co. v. Morgan*, 445 So. 2d 678, 680 (Fla. 4th DCA 1984); *Langbert v. Langbert*, 409 So. 2d 1066, 1067 n.1 (Fla. 4th DCA 1981). However, in *Calicchio v.*

---

[1] We particularly note the arguments in this case, as well as taking judicial notice of the arguments and record in Case No. 4D21-2038, also pending in this Court. In 4D21-2038, 100 LC did not reply to the argument that it is estopped from relitigating whether this is a "street" within the meaning of the Town Code because the Town Council decided the issue in the appellees' favor in a proceeding regarding tow away signs and the circuit court denied a petition for certiorari. 100 LLC has also acknowledged that the appellees own the easement property as private property, and 100 LC has previously taken the position that the appellees have the responsibility for maintaining the cul de sac. The appellees accepted that responsibility, as the record reflects they repaved the easement. 100 LLC then withdrew a claim in its fourth amended complaint that the appellees were allowing the easement to fall into disrepair with potholes throughout.

2

*Calicchio*, 693 So. 2d 1124 (Fla. 4th DCA 1997), we noted "a question as to the jurisdictional basis to review this [type of] non-final order." *Id.* at 1124 n.1.

Our sister courts contend Florida Rule of Appellate Procedure 9.130(a)(3) does not authorize review of pre-judgment contempt orders, and instead have determined that such orders may be reviewed by petitions for certiorari. *See Juravin v. DCS Real Est. Invs., LLC*, 313 So. 3d 924, 924–25 (Fla. 5th DCA 2021) (treating an appeal from a civil contempt order for failing to abide by a temporary injunction as a petition for certiorari); *Tarantola v. Henghold*, 233 So. 3d 508, 510 (Fla. 1st DCA 2017) ("A civil contempt order entered in an ongoing proceeding is subject to certiorari review."); *Menke v. Wendell*, 188 So. 3d 869, 871 (Fla. 2d DCA 2015) (observing that "a prejudgment civil contempt order entered in an ongoing proceeding is subject to certiorari review"); *Blades v. Dep't of Revenue ex rel. Stewart*, 943 So. 2d 300, 302 (Fla. 3d DCA 2006) (rejecting contention that rule 9.130 authorized nonfinal appellate review).

Although 100 LC's notice of appeal in this case contends that the contempt order is an appealable nonfinal order determining the right to immediate possession of property because it orders 100 LC to pay a monetary fine and money is property, arguably rule 9.130(a)(3) does not apply because 100 LC does not have to pay the monetary fine unless violations continue.

100 LC's notice of appeal also contends the contempt order is subject to nonfinal review because the trial court essentially refused to dissolve prior orders that effectively operated as injunctions. We do not agree with that contention. Treating the contempt order broadly as an order which essentially refuses to dissolve an injunction would mean that any order finding a party failed to comply with a prior order would be reviewable by nonfinal appeal.

If we were writing on a clean slate, we would not conclude that we have nonfinal review authorized by rule 9.130(a)(3). However, constrained by our prior caselaw, we have reviewed the instant contempt order as a nonfinal appeal. We certify conflict with the First, Second, Third, and Fifth Districts based on *Tarantola*, *Menke*, *Blades*, and *Juravin* as to whether appellate review of the pre-judgment contempt order in this case is proper pursuant to rule 9.130(a)(3).

The orders imposing contempt sanctions and granting partial summary judgment and a permanent injunction are affirmed.

*Affirmed.*

K<small>UNTZ</small>, J., concurs.
F<small>ORST</small>, J., concurs specially with opinion.

F<small>ORST</small>, J., concurring specially.

I concur with the majority's affirmance of the trial court's orders. I would recede from our traditional jurisdictional approach to requests for review of civil contempt orders, and follow the course taken by our sister courts, as discussed in the majority opinion. As such, I would treat 100 LC's filing as a petition for writ of certiorari and dismiss it.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***