402 So.2d 81 (1981)
State ex rel Franklin C. COODY, Petitioner,
v.
The Honorable Bernard MUSZYNSKI, As Judge of the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Respondent.
No. 81-1019.
District Court of Appeal of Florida, Fifth District.
August 18, 1981.
*82 Richard E. Trapp, Orlando, for petitioner.
No appearance for respondent.
COWART, Judge.
The petition for writ of prohibition, or alternatively petition for writ of habeas corpus, is treated as a petition for certiorari, Fla.R.App.P. 9.040(c), and is granted. The words "7 days after incarceration" are stricken from that portion of the trial court's order finding the petitioner-father in contempt for failure to pay ordered child support, sentencing him to confinement for 60 days and providing that "7 days after incarceration" he could purge himself of contempt by paying the amount of adjudicated arrearages.
Contempt for failure to pay child support is civil contempt for which the contemnor must always be permitted to purge himself by compliance with the court order he has disobeyed. Petitioner could have been found guilty of a criminal contempt and confined without provision for purging if, after he had been personally served with an unqualified order to appear at the proceedings to determine his compliance with a final judgment providing for child support, he had failed to appear and a separate criminal contempt proceeding had been prosecuted in the manner provided in Florida Rule of Criminal Procedure 3.840.
We reject petitioner's claim of inadequate time to retain counsel and prepare a defense prior to the civil contempt hearing. Failure to pay child support as ordered is a matter of great importance and urgency. Although given short notice, petitioner had time to attend the hearing, but did not attend. If additional time to prepare was necessary, petitioner should have appeared at the hearing and then and there requested a continuance for such time as would make preparation possible.
The trial court order dated August 13, 1981, herein committing petitioner for civil contempt is affirmed except for the provision permitting purge only "7 days after incarceration," which qualifying provision is hereby quashed.
CERTIORARI GRANTED; ORDER QUASHED IN PART.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.