PER CURIAM.
The record contains substantial, competent evidence to support the trial court’s finding that the husband, possessed of adequate means, wilfully refused to pay the wife’s court-ordered temporary support.. Thus, we affirm the judgment of civil contempt. See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985).
Although not challenged by either party, we take this opportunity to comment on a provision in the judgment which appears to have been inserted as a matter of routine practice. It states, “If the [husband] has failed to purge himself of the contempt before said specified date and time, the [husband] shall be confined to the Broward County Jail for a period of five (5) days." (Emphasis supplied.) In our view, this provision is at odds with the objective of civil contempt.
“[T]he purpose of a civil contempt proceeding is to obtain compliance on the part of a person subject to an order of the court.” Bowen v. Bowen, supra at 1277. “The sentence is usually indefinite and not for a fixed term. Consequently, it is said that the contemnor ‘carries the key to his cell in his own pocket.’ ” Pugliese v. Pugliese, 347 So.2d 422, 424 (Fla.1977), quoting Demetree v. State, 89 So.2d 498, 501 (Fla.1956). Since incarceration for civil contempt may only be imposed when the con-temnor has the ability to comply with the court’s order, it is counter-productive to place a time limitation on the period of incarceration. Indeed, such a limitation may well encourage spiteful noncompliance. Thus, we respectfully suggest that such limitations not be utilized as a matter of routine practice in judgments for civil contempt.
Accordingly, the judgment on appeal is
AFFIRMED.
HERSEY, C.J., and ANSTEAD and HURLEY, JJ., concur.