553 So.2d 197 (1989)
B.J. HUGHES, Appellant,
v.
Carol L. HUGHES, Appellee.
No. 88-02362.
District Court of Appeal of Florida, Second District.
October 20, 1989.
Rehearing Denied December 7, 1989.
Philip A. McLeod, St. Petersburg, for appellant.
Watson Sinden and Carl T. Boake of Wallace, Finck, Boake & Colclough, St. Petersburg, for appellee.
RYDER, Acting Chief Judge.
The husband challenges the trial court's modification of the parties' marital settlement *198 agreement, which was incorporated into the final judgment of dissolution entered in 1982. He contends that the provision in the agreement in which he agreed to make periodic payments to the wife for a term of about ten years was non-modifiable, since it was given in exchange for valuable property rights relinquished by the wife. We agree and reverse on that point alone. The husband raises other points which either lack merit or do not require discussion in light of our reversal and, thus, we affirm the trial court on those points. The wife has filed a cross-appeal, in which she argues that the trial court erred in failing to award her attorney's fees and costs, and she has moved for appellate attorney's fees. We find merit in both her cross-appeal and her motion for appellate attorney's fees.
After a twenty-one year marriage, the parties entered into the marital settlement agreement, which contains provisions for child custody and support and division of property. Only the provisions regarding property division are relevant to our discussion. In the periodic payment provision, the husband agreed to pay to the wife $800.00 per month from the date of the agreement, February 17, 1982, "until June 30, 1992 or the date the wife dies or becomes married, whichever shall first occur." The husband also agreed to convey his interests in an automobile and four certificates of deposit worth a total of about $42,000.00. The wife agreed to transfer to the husband her interest in another automobile, to assume full responsibility for a joint indebtedness in the amount of about $11,000.00 and to allow the husband to retain the net proceeds from the sale of real property jointly owned by the parties after payment of specified liabilities. In a separate provision, the parties agreed to release one another from "any and all claims and rights whatsoever, including but not limited to alimony, separate maintenance, and elective share, which either of them ever had, now has or might hereafter have, against the other or against his or her estate by reason of relationship of the parties as husband and wife, or otherwise."
On July 9, 1987, the wife filed a supplemental petition for modification of final judgment, seeking, inter alia, an increase in or extension of the periodic payments. The husband counter-petitioned, requesting modification of the agreement's child support provisions. After an evidentiary hearing, the court entered an order increasing the duration of "alimony" payments but denying all other relief requested and leaving the parties to pay their own attorney's fees and costs. This appeal ensued.
It is well settled that a "true" or "pure" marital settlement agreement, containing provisions whereby one party surrenders valuable property interests in consideration for the right to receive periodic payments, is not subject to modification. Salomon v. Salomon, 196 So.2d 111 (Fla. 1967); Shaw v. Shaw, 448 So.2d 631 (Fla. 4th DCA 1984); Mills v. Mills, 339 So.2d 681 (Fla. 1st DCA 1976); Howell v. Howell, 164 So.2d 231 (Fla. 2d DCA), cert. denied, 169 So.2d 389 (Fla. 1964). Cf. Brisco v. Brisco, 355 So.2d 506 (Fla. 2d DCA 1978). In the case sub judice, the wife relinquished valuable property rights in exchange for the right to receive periodic payments from the husband. In fact, both parties gave up and received property in the agreement. The provision in which the parties agree to relinquish their rights in each other's property evidences a clear intent that the agreement be a final division of property. The provision for periodic payments to the wife was but one of the provisions finally dividing the parties' property. The wife cannot now claim that she made a bad bargain. Accordingly, we find that the trial court erred in treating the periodic payment provision as a modifiable "alimony" provision.
Given the disparate financial positions of the parties, and the fact that the wife has successfully defended the child support provisions of the marital settlement agreement, the trial court should have awarded her attorney's fees and costs and she is entitled to appellate attorney's fees. Although the marital settlement agreement provides that the parties are to *199 pay their own attorney's fees and costs, in our opinion that provision was not intended to reach proceedings to modify child support. Therefore, we reverse and remand for an appropriate hearing for the purpose of setting trial fees and costs and appellate fees to be awarded to the wife.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
PARKER and PATTERSON, JJ., concur.