564 So.2d 1230 (1990)
Ilene S. O'HARA, Appellant,
v.
Brendan L. O'HARA, Appellee.
No. 89-02559.
District Court of Appeal of Florida, Second District.
August 1, 1990.
Thomas A. Smith, Tampa, for appellant.
J. Michael Hunter of J. Michael McCarthy & Assoc., Lakeland, for appellee.
FRANK, Judge.
In this post-dissolution of marriage action, the former husband, Brendan O'Hara, petitioned for modification of required *1231 $1,100.00 monthly payments in unallocated alimony and child support based upon a change in his earning capacity. After the trial court relived the husband of the obligation to make the payments, the wife appealed. Because the parties had entered a non-modifiable contract concerning support, we reverse.
The marriage between Brendan and Ilene O'Hara was dissolved on January 4, 1984, by entry of a final judgment that approved and incorporated the parties' property settlement agreement. Paragraph 4 provided as follows:
4. The husband shall pay to the wife as unallocated alimony and child support the sum of $1,500.00 per month for a period of twelve months commencing January, 1984. Commencing January, 1985, said payments shall be made at the rate of $1,100.00 per month for a period of sixty (60) months. Commencing January, 1990, said payments shall be made at the rate of $700.00 per month for a period of forty-eight months. The payments designated herein shall be due and payable on the 10th day of each month. The unallocated alimony and child support payments designated herein shall be taxable as income to the wife and a deduction to the husband for federal income tax purposes.
Neither party shall seek to modify the foregoing alimony payments either by seeking an increase or decrease thereof or extend the payment beyond the period specified as each has specifically and irrevocably waived the right to do so under existing or future laws of the State of Florida.
The automatic reduction in payments was related to the date upon which each of the three children of the marriage would reach majority. Another provision of the agreement required the husband to pay the wife lump sum alimony of $275,000.00 in 121 monthly installments of $2,275.00. The settlement contract also dealt with the former marital home and its contents, the automobiles, boat and trailer, the husband's interest in his business  Walk-In Emergency Medical Clinic, and the husband's pension and profit sharing plans. The entire agreement represented an integral plan to dispose of all of the assets of the parties' marriage. Each gave up the rights to some property in exchange for the title to other possessions.
The husband petitioned to modify the agreement after the business in which he had been a partner, Walk-In Emergency Medical Clinic, essentially collapsed. Although he had earned approximately $120,000 per year at the time of the dissolution, his income declined to approximately $84,000 per year when he took a job as an emergency room physician. On this basis he petitioned the court for modification of the agreement.
The trial court's elimination of the husband's requirement to pay the unallocated alimony and child support constituted reversible error for two reasons. First, a true property settlement agreement, in which one party gives up valuable property rights in exchange for the right to receive periodic payments, is not subject to modification. Hughes v. Hughes, 553 So.2d 197 (Fla. 2d DCA 1989). As occurred in Hughes, Ilene O'Hara gave up valuable property rights, just as did her former husband. Their agreement, when read in its entirety, represented an obvious final disposition of all marital assets. Even though the husband contends that paragraph 4 dealt primarily with child support, which is frequently subject to modification upon a showing of changed circumstances, and that the substance of the agreement should control over its form, cf. Cannon v. Morris, 407 So.2d 372 (Fla. 1st DCA 1981), his argument fails for two reasons. First, he specifically contracted to receive an income tax advantage from these unallocated payments  i.e., a deduction  that is not available to one who pays pure child support. Conversely, his former wife was required to pay tax on those sums. Second, the court received or considered little evidence at the modification hearing dealing with the needs of the children  a hallmark concern whenever child support is in issue.
The most significant factor in our determination that the trial court erred, *1232 however, is the contractual provision in which Ilene and Brendan each waived the right to seek modification of the alimony payments. "[E]ach has specifically and irrevocably waived the right to do so under existing or future laws of the State of Florida." We can discern no basis upon which either this court or the trial court would be able to ignore their valid and binding contract.
Finally, we note that the husband's court-ordered payments were approximately $14,000 in arrears at the time of the June 12, 1989 hearing. The wife requested that she be granted a judgment in the amount of the vested arrearage. The trial court refused to enter a judgment and instead allowed the husband to pay this sum at the rate of $100.00 per month. The trial court abused its discretion in failing to award the wife a judgment for her vested right to the arrearage. Guarino v. Guarino, 431 So.2d 189 (Fla. 2d DCA), petition for review dismissed, 441 So.2d 632 (Fla. 1983).
Accordingly, we reverse the order of the trial court and remand for the entry of an order consistent with this opinion, and with the terms of the property settlement agreement, and for entry of a final judgment in favor of the wife and against the husband for all arrearages to the date of the judgment.
RYDER, A.C.J., and PATTERSON, J., concur.