637 So.2d 64 (1994)
Mark M. THURMAN, Appellant,
v.
Gloria Diane THURMAN, Appellee.
No. 93-3426.
District Court of Appeal of Florida, First District.
May 18, 1994.
*65 Bonnie K. Roberts, Bonifay, for appellant.
Glenda F. Swearingen-Cook, Marianna, for appellee.
PER CURIAM.
Mark M. Thurman appeals and Gloria Diane Thurman cross-appeals an order of contempt which finds Mr. Thurman in contempt for non-payment of child support and alimony and orders him incarcerated unless he purges himself by paying $8,785.77. The trial court also awarded Mrs. Thurman attorney's fees and refused to enter a judgment against Mr. Thurman. We affirm in part and reverse in part.
On Mr. Thurman's main point, challenging the order of contempt and incarceration, we find no abuse of discretion. The evidence and the findings made by the trial court satisfy the requirements for punishing the contempt by incarceration unless Mr. Thurman pays the purge amount. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985).
The contempt order does not, however, contain a provision allowing Mr. Thurman to purge himself of the contempt at any time, including after incarceration. A civil contemnor must be permitted to purge himself by complying with the disobeyed order. State ex rel. Coody v. Muszynski, 402 So.2d 81 (Fla. 5th DCA 1981). Thus, we amend the order of contempt to provide that Mr. Thurman may purge at any time by payment of the purge amount assigned by the trial court.
On Mrs. Thurman's cross appeal we find the trial court abused its discretion by failing to reduce the arrearages owed to a final judgment including prejudgment interest. Romans v. Romans, 611 So.2d 92 (Fla. 1st DCA 1992) (error for trial court to fail to award prejudgment interest on alimony and child support arrearages); O'Hara v. O'Hara, 564 So.2d 1230, 1232 (Fla. 2d DCA 1990) ("Trial court abused its discretion in failing to award the wife a judgment for her vested right to the arrearage [of child support and alimony]"). On remand, the trial court is directed to rule on the amount of the final judgment and award prejudgment interest.
Finally, we find no abuse of discretion in ordering Mr. Thurman to pay Mrs. Thurman's attorney's fees nor in the amount awarded. We provisionally grant Mrs. Thurman's motion for appellate fees, and remand to the trial court for a determination of whether the disparity in the parties' incomes warrants such an award, and if so, the reasonable amount of the award. See Davis v. Davis, 584 So.2d 1117 (Fla. 1st DCA 1991); Shrine v. Shrine, 429 So.2d 765 (Fla. 1st DCA 1983); Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
ZEHMER, C.J., and KAHN and BENTON, JJ., concur.