THOMPSON, Judge.
James Carter appeals a non-final order finding him in contempt of court for failing to pay temporary child support and temporary alimony. We affirm in part and reverse in part.
Tina Carter filed a petition for dissolution of marriage against James Carter. After a hearing, James was ordered to pay weekly temporary child support and temporary spousal support. When the payments were not made, Tina petitioned the court for contempt and enforcement of the temporary order. The trial judge determined, after a hearing, that James had the current ability to pay the support, found James in contempt of court and sentenced him to 30 days in the county jail if he did not pay the purge amount of $518.00. James was also ordered to continue to pay temporary support payments.
We affirm the entry of the contempt order. The trial judge made affirmative findings that James’ income had increased and that he had recently acquired a substantial asset, a new double-wide mobile home. The court found James had the present ability to pay the support and the arrearages. See Bowen v. Bowen, 471 So.2d 1274 (Fla. *108 1985) (holding that because civil contempt is only to obtain compliance, it must be used only where the contemnor has the present ability to comply with the court order and the trial court specifically finds that the con-temnor has that ability).
We reverse, however, to afford the trial court the opportunity to include a purge provision in the contempt order. James Carter was sentenced to serve 30 days in the county jail, but the order does not permit him to purge himself anytime after incarceration. See Thurman v. Thurman, 637 So.2d 64, 65 (Fla. 1st DCA 1994) (citing State ex rel. Coody v. Muszynski, 402 So.2d 81 (Fla. 5th DCA 1981) (holding that a civil contemnor must be permitted to be purged by complying with the disobeyed order)).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
PETERSON and DIAMANTIS, JJ., concur.