688 So.2d 459 (1997)
Jose Miguel Ricardo ALVES, Appellant,
v.
BARNETT MORTGAGE COMPANY and J.I. Kislak Mortgage Corporation, and Paula Maria Alves, Appellees.
No. 96-3300.
District Court of Appeal of Florida, Fourth District.
March 5, 1997.
*460 Michael L. Addicott of Addicott & Addicott, P.A., Hollywood, for appellant.
Patricia Alexander of Gardiner and Gardiner, P.A., Fort Lauderdale, for Appellee-Paula Maria Alves.
PARIENTE, Judge.
This is an appeal of a civil contempt order entered in a dissolution proceeding.[1] We previously issued an order reversing the contempt order because the order failed to set forth a specific purge amount and failed to include a purge provision after incarceration. This opinion explains our reasoning.
The civil contempt order in this case is defective because it lacks a specific purge provision adequately informing appellant of the exact dollar amount necessary to purge his contempt. See Rosen v. Rosen, 579 So.2d 846 (Fla. 4th DCA 1991); see also Small v. Small, 422 So.2d 1054 (Fla. 4th DCA 1982); Novak v. Snieda, 659 So.2d 1138 (Fla. 2d DCA 1995); Palmer v. Palmer, 530 So.2d 508 (Fla. 3d DCA 1988). Because the purge provision is the contemnor's key to the jailhouse cell, see Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985), it is essential that the contemnorand the jailorbe apprised of the exact amount of the purge which will enable the contemnor to purge the contempt and gain release from jail.
In this case the trial court's order provides that "[t]he husband has ten (10) days to comply with Orders and become completely current or shall serve thirty (30) days in jail starting October 1, 1996."[2] The order does not identify which previous orders have been violated. Even assuming appellant could ascertain which orders are referred to, appellant should not be required to investigate prior court orders to determine what he must do to purge.
A further defect apparent on the face of the order is that the order allows appellant to purge prior to going to jail, but does not contain a purge provision once he goes to jail. See Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977). As the order stands now, if appellant does not pay the unspecified purge amount within ten (10) days, he will be jailed for thirty days.[3] In Thurman v. Thurman, *461 637 So.2d 64 (Fla. 1st DCA 1994), a husband was held in contempt for nonpayment of child support and alimony and ordered to be incarcerated unless he purged by paying a specified amount. The first district found the contempt order defective because it lacked a provision allowing the husband to purge the contempt at any time, including after incarceration. See also Carter v. Carter, 645 So.2d 107 (Fla. 5th DCA 1994); Siegel v. Felcher, 636 So.2d 872 (Fla. 3d DCA 1994).
We reject the husband's other argument that there is insufficient record evidence to show the husband's willful failure to pay and present ability to pay. However, the finding of present ability to pay should refer to a specific purge amount. See Bowen. Accordingly, we reverse because the contempt order is facially defective in that it fails to adequately inform the husband of the exact purge amount and fails to provide a means for the husband to purge after incarceration.
REVERSED AND REMANDED.
GROSS, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring specially.
On the merits, I agree entirely with the majority. I have struggled, however, to reach the merits.
We have treated this case as a non-final appeal. As appellant describes it in his initial brief:
"This is an appeal from a non-final order adjudicating the Husband in indirect civil contempt and ordering him to serve 30 days in jail...."
Rule 9.130 describes the allowable non-final appeals, but contempt orders are not included. This particular contempt order relates to the failure to comply with a temporary relief order in a family law case,[4] but I do not believe that the nature of the underlying order violated makes the contempt order appealable as a non-final appeal under rule 9.130.[5]
Of course, I have no doubt that a contempt order isor, at least, should beappealable as a final appeal under rule 9.110 or rule 9.140. Final appeals are not terribly efficient, however, when the issue is incarceration for a relatively brief or indefinite period. By the time an ordinary final appeal proceeds through the appellate court, the contemnor will have served a good deal of time in custody, perhaps only to have the contempt order reversed.[6] We know, of course, that habeas corpus is not appropriate for direct review of contempt orders because the contemnor has a right to appeal. Hargrave v. Wainwright, 388 So.2d 1021 (Fla.1980) (habeas corpus may not be used as vehicle to raise for first time issues that petitioner could have raised on appeal).
*462 Frankly, I am bothered by the lack of speedy, as well as efficient, review of contempt orders imposing brief or indefinite incarceration in civil cases. One could argue that common law certiorari would make some sense as a form of review, because it is an extraordinary remedy and more speedy than other forms of review. The problem here is that the petitioner for common law certiorari to review pre-trial orders in civil cases must show a departure from the essential requirements of law and the absence of a remedy on final appeal. Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). I certainly agree that the final appeal is very likely to prove too late for one who claims that he has been incarcerated in error, and therefore the element of a lack of an appellate remedy has been satisfied. The "essential requirements of law" element, however, is troublesome because it appears to narrow the kinds of error that the contemnor could show in an ordinary appeal.
One solution might be for rule 9.130 to be amended to allow for expedited non-final appeals of contempt orders in civil cases, whether the contempt order is before final judgment or after. That would eliminate the necessity of awaiting the preparation and transmission of a full record, including a trial transcript. At the same time, it would assure that the contemnor is given the full range of review of a final appeal without limiting him to showing the much more strict standard of a departure from the essential requirements of law.
The number of civil contempt cases has seemed to grow in the last few years. I have no statistics to citeI distrust them, anywaybut experience suggests that there are more of these appeals arising in family law cases. I detect a good deal of uncertainty among the judges of this court, as well as among the bar, as to the proper form of review for these cases. When the contempt occurs after the final judgment, at least there the contemnor can plausibly argue that rule 9.130(a)(4) (non-final orders entered after final order on authorized motions reviewable under this rule) provides the form of review. But when, as here, the contempt order relates to a temporary relief order early in the case and before any trial, there is doubt as to the proper form of remedy.
In the end, I have decided this case in my own mind as though I were giving it final review, for the order incarcerating appellant certainly is final as to whether he is in contempt. I am uncomfortable doing this, however, for jurisdictional necessities may not be lightly rejected. I wish the rule could openly give this class of cases the more expedited review of non-final appeal.
As I said at the beginning, I agree with the majority on the merits.
NOTES
[1] This court has previously reviewed contempt orders entered prior to final judgment as non-final appeals pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C), without specifically designating which subdivision of the rule applies. See Continental Cas. Co. v. Morgan, 445 So.2d 678 (Fla. 4th DCA 1984); Langbert v. Langbert, 409 So.2d 1066, 1067 n. 1 (Fla. 4th DCA 1981). In contrast, we have reviewed postjudgment contempt orders pursuant to rule 9.130(a)(4). See Dehler v. Dehler, 639 So.2d 1128 (Fla. 4th DCA 1994). The first and third district review pre-judgment contempt orders by exercising certiorari jurisdiction under rule 9.030(b)(2)(A). See Sears v. Sears, 617 So.2d 807 (Fla. 1st DCA 1993); Stewart v. Mussoline, 487 So.2d 96 (Fla. 3d DCA 1986). We agree with Judge Farmer's concurrence that a speedy, efficient review of contempt orders, which impose incarceration if the contemnor does not purge, should be uniformly available.
[2] Although appellant's incarceration was scheduled to begin October 1, 1996, according to appellee's brief the trial judge is "holding this Order until October 17, 1996" to give appellant another opportunity to become current with his support payments.
[3] Appellant does not specifically attack the inclusion of the thirty-day jail provision. It is apparently the practice in Broward County and elsewhere to state a specific period of confinement in a civil contempt order for incarceration. This practice is probably based on the holding in State ex rel. Trezevant v. McLeod, 126 Fla. 229, 231, 170 So. 735, 735-36 (1936), where the court said: "the contempt ... is void because it specified no definite term of imprisonment." Thus we can understand why the practice has persisted.

We doubt that later holdings of the supreme court require civil contempt orders to provide a specific period of confinement, other than the obligatory provision requiring release upon compliance. See Pugliese v. Pugliese, 347 So.2d 422, 424 (Fla.1977); Demetree v. State ex rel. Marsh, 89 So.2d 498, 501 (Fla.1956). The purpose of civil contempt is to coerce, not to punish. See Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla. 1985).
Although there is no constitutional impediment to a court's imposing a determinate sentence which also includes a purge provision, see Shillitani v. United States, 384 U.S. 364, 371 n. 6, 86 S.Ct. 1531, 1536 n. 6, 16 L.Ed.2d 622 (1966), we again suggest that such limitations not be utilized as a matter of routine practice in judgments for civil contempt. See Pasin v. Pasin, 480 So.2d 699 (Fla. 4th DCA 1985). Inclusion of a determinate term may blur what should be a bright line between criminal and civil contempt.
[4] See Fla.R.App.P. 9.130(a)(3)(C)(iii) ("review of non-final orders of lower tribunals is limited to... the right to immediate monetary relief in family law matters....").
[5] The cases cited in footnote 1 of Judge Pariente's opinion both involved civil contempt without incarceration. In Langbert v. Langbert, 409 So.2d 1066 (Fla. 4th DCA 1981), we allowed review of what appears to be, as here, an order finding contempt for failure to comply with a pre-trial order. We based our jurisdiction to review the order under rule 9.130(a)(3) but declined to state which subdivision specifically applied. We referred to the provisions in rule 9.130(a)(3)(C) relating to orders determining the right to immediate possession of property and the right to immediate monetary relief in family law cases. The contempt involved the failure to return furniture and alienating the wife's interest in some bonds. If I had been on the panel in Langbert, I doubt that I could have joined in that rationale.
[6] This, of course, assumes that the trial judge has denied a stay pending review and that we have not disturbed that denial. See Fla.R.App.P. 9.310.