PER CURIAM.
We grant the petition for writ of habeas corpus in part, and deny it in part. Although the civil commitment order allows petitioner to avoid incarceration by paying a purge, it fails to include a provision which would allow him to purge his contempt after incarceration by paying the purge amount. On remand, the order must be amended to include such a provision. See Ferrero v. Ferrero, 720 So.2d 320 (Fla. 4th DCA 1998); Alves v. Barnett Mortgage Co., 688 So.2d 459, 460 (Fla. 4th DCA 1997).
The petition is denied in all other respects. We find that the respondent, Debra Flores, presented substantial, competent evidence of petitioner’s present ability to pay the purge provision. This case is distinguishable from Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997), where the trial court lacked affirmative evidence of the petitioner’s present ability to pay the purge amount. As well, Pompey was based on law prior to section 61.14(5)(a), Florida Statutes, which controls the burden of proof in this case.
GRANTED IN PART, DENIED IN PART, AND REMANDED FOR AMENDMENT OF CIVIL COMMITMENT ORDER.
DELL, FARMER and STEVENSON, JJ., concur.