LEVINE, J.
 

 The issue presented is whether the trial court’s contempt order failed to provide appellant with the required specific information necessary to purge the contempt. We find that part of the trial court’s order failed to provide appellant the “key” to his potential incarceration, while the remaining part properly gave appellant sufficient detail to purge the finding of contempt.
 

 The trial court entered a final judgment in a civil dispute against appellant in the amount of $530,000. After entry of the judgment, appellee Naseer requested the trial court in September 2008 to direct appellant to be examined concerning appellant’s property, as Naseer’s judgment remained unsatisfied. The court ordered appellant to appear before a special magistrate. The proceedings were stayed at the request of appellant due to a medical condition, which allegedly prohibited him from traveling, and the fact he was residing in Panama. Appellant was again ordered to appear for examination in January 2009 and again appellant filed a motion for protective order.
 

 Naseer filed a motion for entry of an order to show cause why appellant should not be held in contempt for failure to appear for examination, claiming appellant
 
 *233
 
 had been traveling outside of Panama during the relevant time period. During a hearing in July 2009, Naseer presented evidence corroborating his claim of appellant’s travels. Additionally, Naseer also presented evidence that appellant admitted in electronic communications to having $7.2 million in assets. The court ordered appellant to appear at a hearing in September 2009 to determine if he violated the prior court orders requiring him to appear for examination.
 

 Appellant once again failed to appear at the September hearing, and the trial court entered the civil contempt order that is the basis of this appeal. The order found that appellant’s failure to appear for examination was a willful violation of the trial court’s order of July 14, 2009. The order included a “coercive” fine of $2,000 per day from the date of the contempt order until the day appellant appears in person for examination. The trial court made a finding of appellant’s ability to pay based on the evidence in the record. The trial court also found appellant liable for Naseer’s attorney’s fees for the examinations and hearings that appellant failed to attend. The trial court stated that appellant “will remain liable” for attorney’s fees and “all coercive fines” listed, even after appellant purges himself of the contempt by appearing for and testifying at the examination.
 

 At the end of the order finding civil contempt, there is a second part in which the trial court additionally stated the following:
 

 Mr. Neiman is also found to be in contempt of this Court’s July 14, 2009 Order requiring [him] to personally appear and show cause. For this violation, the Court ORDERS that a warrant for the arrest of Mr. Neiman be issued forthwith. Mr. Neiman shall be incarcerated until such time as he appears before this Court in compliance with the July 14, 2009 Order to show cause and appears for and fully and satisfactorily completes a duly scheduled and noticed proceedings supplementary examination before and at the offices of Special Magistrate Portley and fully pays all fines and attorneys’ fees and costs then accrued pursuant to this contempt Order. Mr. Neiman may purge his contempt and end his incarceration upon his full compliance with all terms of this and any other then outstanding Orders of this Court.
 

 From this contempt order, appellant appeals.
 

 Appellant claims that the purge provision in the contempt order is defective because it fails to inform the contemnor of the exact dollar amount needed to purge the contempt. Appellant also claims that the order fails to state with specificity the outstanding orders that needed to be complied with in order to purge the contempt.
 

 “A judgment of contempt comes to the appellate court clothed with a presumption of correctness and will not be overturned unless a clear showing is made that the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error.”
 
 Dentello v. Buckman,
 
 914 So.2d 1090, 1093 (Fla. 4th DCA 2005). As this court has explained:
 

 Because the purge provision is the contemn or’s key to the jailhouse cell,
 
 see Bowen v. Bowen,
 
 471 So.2d 1274, 1277 (Fla.1985), it is essential that the con-temnor-and the jailor-be apprised of the exact amount of the purge which will enable the contemnor to purge the contempt and gain release from jail.
 

 Alves v. Barnett Mortgage Co.,
 
 688 So.2d 459, 460 (Fla. 4th DCA 1997).
 

 
 *234
 
 When evaluating the trial court’s contempt order we need to examine each part separately. As to the first part of the order, the trial court lists in detail those acts needed to be performed by appellant to purge the contempt order, namely appearing and fully testifying at an examination. The trial court goes on to award Naseer attorney’s fees due to the failure of appellant to attend the examinations and hearings. “If a party is found in contempt, it is proper for the court to compensate the injured party by assessing attorney’s fees for the contempt proceedings.”
 
 Nical of Palm Beach, Inc. v. Lewis, 981
 
 So.2d 502, 507 (Fla. 4th DCA 2008) (quoting
 
 Levine v. Keaster,
 
 862 So.2d 876, 880 (Fla. 4th DCA 2003)). The trial court was clear to state that appellant remained liable for the attorney’s fees and the $2,000 per day coercive fíne even after the purge was removed. This part of the contempt order clearly listed what needed to be done by the contemnor to purge the contempt provision.
 

 As to the second part of the order, the provision requiring that appellant be incarcerated until he “fully pays all fines and attorneys’ fees and costs” does not provide the contemnor the exact dollar amount needed to purge the contempt.
 
 See Alves,
 
 688 So.2d at 460. The provision that appellant fully comply with “all terms of this and any other then outstanding Orders of this Court” similarly does not inform appellant of what he needs to do in order to purge himself of the contempt order. In
 
 Alves,
 
 this court found defective a contempt order which gave the appellant “ten (10) days to comply with Orders,” but did not identify which previous orders had been violated.
 
 Id.
 
 The court explained, “The order does not identify which previous orders have been violated. Even assuming appellant could ascertain which orders are referred to, appellant should not be required to investigate prior court orders to determine what he must do to purge.”
 
 Id.
 

 We find the second part of the contempt order should be stricken since it fails to provide with specificity what the contem-nor needs to do to purge the contempt order. We therefore reverse and remand with directions for the circuit court to strike those defective portions of the order, and we affirm the remainder of the contempt order.
 

 Affirmed in part, reversed in part, and remanded.
 

 TAYLOR and GERBER, JJ., concur.