GERBER, J.
 

 The former husband appeals the circuit court’s final order holding him in contempt for willfully failing to pay the cost of the former wife’s liver transplant. The husband argues that the transplant was not “reasonable and necessary” and that his actions were not willful. We reject the first argument but agree with the second. Thus, we reverse.
 

 The husband and wife entered into a settlement which the court incorporated into a final judgment of dissolution. The judgment provides:
 

 [S]o long as [the husband’s] alimony obligation exists, [he] shall also pay the wife’s medical insurance coverage and pay all reasonable and necessary medical, hospital, prescription drugs, and dental expenses not covered by insurance ....
 

 After the wife became eligible for Medicare, the parties requested the court to amend the original judgment. The amended judgment provides:
 

 3. The Husband shall pay the premium for the ... Wife’s Medicare insurance. He shall also be responsible to pay the following:
 

 a) All uncovered expenses incurred under the care of a medical professional accepting Medicare assignment.
 

 The wife later filed a motion for contempt. In the motion, the wife alleged that she had been diagnosed with bile duct
 
 *87
 
 cancer and decided to have a liver transplant which her Mayo Clinic physicians recommended. She further alleged that Medicare would not cover the expense of the transplant and she would have to pay $300,000 for the transplant. She also alleged that she requested the husband to pay that expense pursuant to paragraph 3(a) of the amended judgment, but the husband failed to do so. She therefore requested the court to find the husband in contempt and order him to pay the $300,000 and her attorney’s fees.
 

 In a response, the husband alleged that the wife’s first physicians at the University of Miami recommended a liver resection.
 
 [1]
 
 He further alleged that a resection was a reasonable and necessary treatment which Medicare covered and that the uncovered cost would be under $1,000. He further alleged that the wife instead opted to have an experimental liver transplant which Medicare did not deem to be reasonable and necessary and did not cover. He therefore alleged that under the original judgment and the amended judgment, he was not required to pay for the transplant. He requested the court to deny the motion for contempt.
 

 The wife later amended the motion for contempt. She alleged that she had the transplant at the Mayo Clinic and had to pay the clinic $183,030.99. She further alleged that the husband failed to pay that amount. She therefore requested the court to find the husband in contempt and order him to pay the $183,030.99 and her attorney’s fees.
 

 The court held a two-day evidentiary hearing on the amended motion for contempt. The wife testified consistent with the amended motion. The wife then presented the testimony of her long-time gas-troenterologist. He was the first to recommend that the wife receive a liver transplant. He did not think that her liver was resectable based on his review of her x-rays and other studies. He referred the wife to two University of Miami surgeons. Those surgeons recommended that they first should attempt to perform a resection, and if that was not possible, then they would perform a transplant. The gastroenterologist disagreed with that recommendation and thus referred the wife to the Mayo Clinic. The physicians there recommended that the wife receive a transplant. The wife received the transplant there and has done very well since. According to the gastroenterologist, the survival rate after a resection is twenty to thirty percent, whereas the survival rate after a transplant is eighty percent. He testified that transplants are no longer experimental. He opined that the Medicare guidelines regarding transplants were ten years behind the times and obsolete.
 

 The wife also presented the testimony of the Mayo Clinic surgeon who performed the transplant. He testified that liver transplants with chemotherapy and radiation have been performed since the early 1990s, have better outcomes than other therapies, and gave the wife the best hope of treatment. When he performed the transplant, he confirmed that the wife’s liver was not resectable.
 

 The wife also presented the testimony of the Mayo Clinic liver specialist who treated her after the transplant. He disagreed with the University of Miami physicians who recommended resection. He testified that if the wife had undergone resection and then asked for a transplant, she would have been rejected because the resection would have resulted in the release of tumor cells and increased the likelihood of a
 
 *88
 
 tumor coming back later. He concluded that the transplant was the wife’s most reasonable choice and was necessary for her long-term survival.
 

 The wife also presented the testimony of the Mayo Clinic records custodian for her hospital charges. The records custodian testified that the wife paid the Mayo Clinic $800,000, but then the clinic paid four separate refunds to her, resulting in a final charge of $169,746.82.
 

 The husband then testified. He stated that he has been a physician for thirty years. When he learned that the wife had bile duct cancer, he researched several places which could treat the wife, including the University of Miami, which recommended a resection. He also introduced into evidence the Medicare guidelines, which provide that “the evidence is not adequate to conclude that liver transplantation ... is clinically effective. Therefore, the item or service is considered experimental and thus is not reasonable and necessary for the treatment or diagnosis of the illness.” After performing this research, he did not believe that a transplant was the reasonable course for the wife’s condition.
 

 During closing arguments, the wife contended that the court should hold the husband in contempt for not paying for the transplant because the evidence showed that the transplant was reasonable and necessary. The wife further contended that even if the Medicare guidelines were the arbiter of what was reasonable and necessary, then the court still should hold the husband in contempt because paragraph 8(a) of the amended judgment required him to pay for “[a]ll uncovered expenses incurred under the care of a medical professional accepting Medicare assignment.”
 

 In response, the husband contended that even if the amended judgment required payment for “uncovered medical expenses,” case law still required those expenses to be “reasonable and necessary” to justify payment, and according to the husband’s evidence, the transplant was not reasonable and necessary. The husband therefore requested the court to deny the motion for contempt.
 

 The court entered a written order granting the motion for contempt. The court found that the wife did not have to prove, and it did not have to determine, that the transplant was reasonable and necessary. The court reasoned that amended judgment’s deletion of the phrase “reasonable and necessary” from the original judgment “is a waiver by [the husband] of the right to require all uncovered expenses to be reasonable and necessary.” The court then found that the husband willfully violated the amended judgment by failing to pay for the transplant and was in contempt. The court ordered the husband to reimburse the wife $169,746.82. The court further ordered that if the husband failed to reimburse the wife, then the court would set an evidentiary hearing on the failure to pay. The court also found that the wife was entitled to recover her attorney’s fees from the husband based on her need and his ability to pay. The court did not provide any detail to support that finding.
 

 The husband then filed this appeal. He argues that: (1) the wife had to prove that the transplant was reasonable and necessary and he did not waive that requirement; (2) he did not willfully violate the amended judgment; and (3) the wife was not entitled to recover her attorney’s fees. We review these issues for an abuse of discretion.
 
 See Neiman v. Naseer,
 
 31 So.3d 231, 233 (Fla. 4th DCA 2010) (“ ‘A judgment of contempt comes to the appellate court clothed with a presumption of correctness and will not be overturned un
 
 *89
 
 less a clear showing is made that the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error.’”) (citation omitted);
 
 Campbell v. Campbell,
 
 46 So.3d 1221, 1222 (Fla. 4th DCA 2010) (a trial judge’s award of attorney’s fees is reviewed under an abuse of discretion standard).
 

 We agree with the husband that the wife had to prove that the transplant was reasonable and necessary. It is implicit within a final judgment of dissolution that medical expenses for which payment is sought must be reasonable and necessary.
 
 See, e.g., McBride v. McBride,
 
 687 So.2d 938, 940-41 (Fla. 2d DCA 1994) (“[W]e find that the medical payment provision of the marital settlement agreement, as adopted in the final judgment of dissolution, is nonmodifiable. However, as with any such provision, it is implicit that those expenses must be reasonable and necessary.”) (internal citation omitted).
 

 We also agree with the husband that he did not waive the requirement that medical expenses for which payment is sought must be reasonable and necessary. “Waiver is the intentional or voluntary relinquishment of a known right or conduct which warrants an inference of the relinquishment of a known right.’ ”
 
 Citizens Prop. Ins. Corp. v. Mich. Condo. Ass’n,
 
 46 So.3d 177, 178 (Fla. 4th DCA 2010) (citation omitted). Here, no competent, substantial evidence exists to suggest that the husband intentionally or voluntarily relinquished the right to require the medical expenses for which the wife sought payment to be reasonable and necessary. We also disagree with the circuit court’s conclusion that the amended judgment’s omission of the phrase “reasonable and necessary” warrants an inference that the husband waived that right. If that were so, then the husband would be required to pay for the wife’s
 
 un
 
 reasonable and
 
 un
 
 necessary medical expenses, which would be unjust.
 

 The court’s error, however, is harmless because the wife presented a wealth of competent, substantial evidence to show that the transplant was reasonable and necessary. Her gastroenterologist testified that her liver was not resectable based on his review of her x-rays and other studies. Her Mayo Clinic surgeon testified that when he performed the transplant, he confirmed that the wife’s liver was not resectable. Further, her Mayo Clinic liver specialist testified that if she had undergone resection and then asked for a transplant, she would have been rejected because the resection would have resulted in the release of tumor cells and increased the likelihood of a tumor coming back later.
 

 Nevertheless, we agree with the husband that he did not willfully violate the amended judgment by questioning whether the medical expenses for which the wife sought payment were reasonable and necessary. “The term ‘reasonable and necessary* and the retention of jurisdiction by the trial court provides an adequate limitation of those [medical] expenses and a forum for relief for either of the parties should the circumstances require.”
 
 Brandenburg v. Brandenburg,
 
 550 So.2d 565, 566 (Fla. 4th DCA 1989). Here, the circumstances required that the court exercise its jurisdiction to resolve whether the medical expenses for which the wife sought payment were reasonable and necessary. After the wife requested the husband to pay $300,000 for a transplant at the Mayo Clinic, the husband learned that the wife’s first physicians at the University of Miami recommended a liver resection; that Medicare covered a resection; and that the uncovered cost would be under $1,000.
 

 
 *90
 
 Given this information, the husband had a good faith basis to question whether the wife’s $300,000 request was reasonable and necessary. Even after the wife advised the husband that she had the transplant and was reducing her request to the $183,030.99 amount which she paid the Mayo Clinic, the husband still had the same good faith basis to question the wife’s reduced request. Only after the wife presented evidence at the hearing could it be ultimately determined that the $169,746.82 final charge was reasonable and necessary.
 

 Because the husband had a good faith basis to question whether the medical expenses for which the wife sought payment were reasonable and necessary, we conclude that the circuit court should not have held him in contempt.
 
 See Sulman v. Sulman,
 
 510 So.2d 908, 909 (Fla. 4th DCA 1987) (“We do not disapprove of the trial court’s decision not to hold the former husband in contempt, since his challenge to the request to pay appears to have been in good faith and his behavior does not appear to constitute willful disobedience of a court order.”) (citation omitted). We remand for the circuit court to vacate the order of contempt and to enter an order requiring the husband to pay the wife the final charge of $169,746.82 within thirty days of the court’s order. If the husband fails to comply with that order, then the wife may file a new motion for contempt.
 

 We also remand for the circuit court to vacate the award of attorney’s fees to the wife. The wife testified at the evidentiary hearing that she paid her attorney $25,000 in full satisfaction of the amount owed, and her affidavit shows that she had over one million dollars in assets at the time of the hearing. Thus, she failed to present evidence that she needed the husband to pay her attorney’s fees so that she could pursue the motion for contempt.
 
 See Von Baillou v. Von Baillou,
 
 959 So.2d 821, 823 (Fla. 4th DCA 2007) (“If one party has no financial need for fees, the other party cannot be compelled to pay them solely because his or her sizeable assets minimize the financial strain of such a payment.”) (citation omitted);
 
 Satter v. Satter,
 
 709 So.2d 617, 618-19 (Fla. 4th DCA 1998) (reversing judgment awarding $24,000 in attorney’s fees to the wife where the wife, whose net worth was $1.1 million, demonstrated no need for such fees).
 

 Reversed and remanded.
 

 STEVENSON and TAYLOR, JJ., concur.
 

 [1]
 

 . A “resection is "the surgical removal of part of an organ or structure.”
 
 See
 
 www. merriam-webster.com/medlineplus/resection (last visited May 16, 2011).