KELLY, Judge.
This case involves the wrongful incarceration of Ralph Paul Marconi (the husband) for civil contempt. The court found the husband in contempt for failing to provide Elfrieda Maria Walther (the wife) with medical insurance as required by the parties’ antenuptial agreement and their final judgment of dissolution of marriage. Because the court failed to afford the husband due process at the contempt hearing and failed to comply with Florida Family Law Rule of Procedure 12.615, we reverse.
The husband is an American citizen who met the wife, a German citizen, overseas. Before their marriage, the husband insisted that the couple enter into an antenup-tial agreement. The wife acquiesced but requested that the agreement require the husband to furnish her with hospitalization and major medical insurance benefits comparable to those previously provided to her by the German government. In drafting the agreement, the parties clearly contemplated that the wife’s German insurance coverage would terminate as a result of her marriage and residency in the United States.
When their marriage ended after only a few months, the parties entered into a mediated settlement agreement. The paragraph of the antenuptial agreement regarding medical insurance was incorporated into the agreement. Thereafter, the settlement agreement was approved and incorporated into the parties’ final, judgment of dissolution of marriage.
The husband complied with all terms of the agreement except the requirement that he furnish his wife medical insurance. The wife moved to enforce the insurance provision and to hold the husband in civil contempt. The husband claimed that he was unsure of the extent of his obligation, and he sought a judicial determination regarding what he was required to do under the agreement. In a written stipulation, the wife agreed to continue the contempt hearing, and the husband agreed to provide the wife with temporary insurance. Two months later, the wife again moved for contempt alleging that the husband had let the temporary insurance lapse.
At the contempt hearing, the trial court, albeit with much assistance from the parties, failed to focus on the issue of whether the temporary insurance had lapsed and instead tried to' determine the nature of the parties’ obligations under the agreement. The parties continued to bicker over the meaning of the agreement until the court made its ruling by abruptly stating, “How long do you want me to put him in jail for? I think he has to come up with it.” ' The husband’s attorney argued, “Your Honor, there is no — you didn’t hear our evidence as far as he’s paid for [insurance] right now. There’s insurance pending right now. He’s paid twice.” The trial court, however, refused to receive the evidence stating, “I just want to end this thing. I’m not going to listen to him. I’m going to put him in jail, and that’s until he comes up with insurance.” With that statement, the trial court summoned the bailiff to escort the husband to jail. The husband’s attorney protested, stating, “I don’t know what number to pay. What do we pay for?” The trial court replied, “I don’t know.”
The trial court’s written order found that the husband had willfully failed to provide health insurance and that the husband had the ability to pay. The order sentenced the husband to thirty days in the county jail and stated that the husband could be released on proof of payment of the insurance premiums. The husband ob *938 tained more insurance for the wife and was freed from jail.
On appeal, the husband argues that the trial court erred in failing to allow him to present proof that he had in fact provided insurance for the wife. A person charged with civil contempt is entitled to an opportunity to be heard. Koll v. Koll, 812 So.2d 529 (Fla. 4th DCA 2002); Hipschman v. Cochran, 683 So.2d 209, 211 (Fla. 4th DCA 1996). The trial court’s failure to receive the husband’s evidence denied him due process and requires reversal. See Walker v. Edel, 727 So.2d 359 (Fla. 5th DCA 1999).
While the husband has not complained about the trial court’s unorthodox handling of this contempt proceeding, we note that, in addition to violating the husband’s due process rights, the trial court failed to follow the requirements of rule 12.615. The trial court did not make the oral findings required by the rule, and the written order does not recite any facts to support the conclusion that the husband willfully failed to comply with the order. The order also fails to specifically state what insurance the husband was required to provide. See Fla. Fam. L.R.P. 12.615(d)(1). “A civil contempt order must contain a specific purge provision that adequately informs the contemnor what he or she must do to purge the contempt.” Lanza v. Lanza, 804 So.2d 408, 409 (Fla. 4th DCA 2001). The contempt order in this case requiring that the husband provide “proof of payment of premiums of insurance” was too general to inform the husband of the purge condition.
Finally, we note that the husband’s payment of insurance premiums to purge himself from jail did not render the contempt issue moot. As this court stated in Reynolds v. Reynolds, 711 So.2d 45 (Fla. 2d DCA 1998), it would be unfair to allow an order in the court file to continue to show that the husband had been found in contempt for failure to meet a financial obligation when the finding of contempt was improper. We reverse and vacate the order of contempt.
Reversed.
BLUE, C.J., and GREEN, J., Concur.