919 So.2d 673 (2006)
Zebulon McCRIMAGER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1493.
District Court of Appeal of Florida, First District.
January 30, 2006.
*674 Bill White, Public Defender, and Ward L. Metzger, Assistant Public Defender, Jacksonville, for Appellant.
Charlie Crist, Attorney General, and Tracy Lee Cooper, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals his judgment and sentence on a direct criminal contempt conviction. Specifically, Appellant contends the trial court erred by: (1) not reciting the facts upon which Appellant was adjudicated guilty in its written judgment; (2) failing to give Appellant an opportunity to present mitigating circumstances at trial; (3) including the language "at hard labor" in its order committing Appellant to county jail; and (4) sentencing Appellant for a period of six months without a trial by jury.
Florida Rule of Criminal Procedure 3.830, which governs the procedure for adjudicating a defendant guilty of direct criminal contempt, provides that "the defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances" prior to the adjudication of guilt. If the trial court decides to go forward with the adjudication after the defendant presents such circumstances, it must issue a written and signed judgment reciting the facts upon which an adjudication is based. See Fla. R.Crim. P. 3.830; see also, e.g., Hutcheson v. State, 903 So.2d 1060, 1062 (Fla. 5th DCA 2005). In the case at bar, neither of these requirements were met.
Because "[s]trict compliance with Rule 3.830 is necessary to safeguard procedural due process," Appellant must be given the opportunity to present mitigating circumstances to the trial court. If the trial court maintains its position that Appellant was in direct criminal contempt, its written judgment must recite the facts surrounding this finding. As to the sentence, it is well settled that a six-month sentence is proper for a contempt conviction entered without a trial by jury. See, e.g. Superville v. State, 642 So.2d 1193 (Fla. 1st DCA 1994); Aaron v. State, 345 So.2d 641, 643 (Fla.1977); Martinez v. State, 339 So.2d 1133 (Fla. 2d DCA 1976). However, Florida law does not contain a provision for a sentence "at hard labor," thus this language shall not be included in Appellant's sentence nor the order committing him to county jail.
*675 REVERSED and REMANDED for proceedings consistent with this opinion.
KAHN, C.J., HAWKES, and THOMAS, JJ., concur.