988 So.2d 142 (2008)
In the Matter of Nicholas T. STEFFENS, Esq., Appellant.
No. 5D07-4103.
District Court of Appeal of Florida, Fifth District.
August 1, 2008.
*143 Nicholas T. Steffens, of Nicholas T. Steffens & Assoc., Parkland, for Appellant.
PER CURIAM.
Nicholas T. Steffens, an attorney licensed to practice law in the State of Florida, appeals a contempt fine imposed by the court for failing to appear at a hearing. We reverse, as the contempt proceedings did not comply with Florida Rule of Criminal Procedure 3.840.
Mr. Steffens represented Debra Tripp in a summary probate proceeding. Mr. Steffens and Ms. Tripp were ordered to appear before the court to explain why certain deficiencies in the summary administration petition had not been remedied in a timely manner. Ms. Tripp appeared at the hearing, but Mr. Steffens did not. As a consequence of his failure to appear at the show cause hearing, the court imposed a "civil contempt fine" against Mr. Steffens in the amount of $1,000.[1] This appeal followed.
Contempt may either be civil or criminal in nature. Parisi v. Broward County, 769 So.2d 359, 363 (Fla.2000). *144 The distinction between civil and criminal contempt will determine both the quantum of proof required for conviction, as well as the procedural due process afforded the alleged contemnor. "[T]he stated purpose of a contempt sanction is not determinative of whether a contempt sanction is civil or criminal." Id. at 364. The goal of civil contempt is remedial and for the benefit of the complainant, while the goal of criminal contempt is to vindicate the authority of the court or to otherwise punish offensive conduct. See Nical of Palm Beach, Inc. v. Lewis, 815 So.2d 647, 650 (Fla. 4th DCA 2002).
Civil contempt fines are levied to coerce the violator into complying with the terms of a court order. Gregory v. Rice, 727 So.2d 251, 254 (Fla.1999). To be a valid civil contempt fine, the order imposing the fine must include a purge provision. A purge provision allows the fine to be avoided or reduced if the violator complies with the court order. Id. As the order fining Mr. Steffens did not include a purge or coercive provision, the contempt could not have been civil in nature. "Any flat, unconditional fine is considered a criminal sanction because it does not afford the opportunity to purge the contempt." Parisi, 769 So.2d at 365 (quoting Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)). Consequently, we conclude that, though styled as a civil contempt order, the sanction imposed by the trial court was actually one of indirect criminal contempt.
Florida Rule of Criminal Procedure 3.840 controls indirect contempt proceedings and insures adequate procedural safeguards. Here, the order to show cause did not place Mr. Steffens on notice that the court was considering criminal contempt. Indeed, the order entered after the hearing imposed a "civil contempt fine." Since criminal contempt is "a crime in the ordinary sense," imposition of criminal contempt sanctions requires that an alleged contemnor be offered the same constitutional due process protections afforded to a criminal defendant. Parisi, 769 So.2d at 364; see Bagwell, 512 U.S. at 826, 114 S.Ct. 2552; Bloom v. Illinois, 391 U.S. 194, 201, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). These rights include the right of criminal defendants to be represented by counsel, the right to have the State prove the offense beyond a reasonable doubt and the right against self-incrimination. See Bagwell, 512 U.S. at 826-27, 114 S.Ct. 2552. Strict compliance with rule 3.840 is necessary to safeguard procedural due process. McCrimager v. State, 919 So.2d 673 (Fla. 1st DCA 2006).
Because the contempt proceeding did not comply with rule 3.840, we must reverse. On remand, the court may, if it so chooses, proceed again with contempt proceedings in conformity with the authorities discussed herein.
REVERSED and REMANDED.
PALMER, C.J., PLEUS and ORFINGER, JJ., concur.
NOTES
[1] Mr. Steffens filed a timely motion for rehearing, offering an explanation for his failure to appear. The court denied the motion without a hearing.