PER CURIAM.
 

 We reverse the circuit court’s order finding Malissa Fiore in direct criminal contempt in a combined paternity and dependency action.
 

 On April 7, 2008, the court ordered the mother to execute her children’s passport applications in open court. She signed the passport applications under protest and executed an affidavit. The court said, “Defense counsel, thank you for your client’s compliance with this order.” At a hearing on April 14, without a written motion or notice to Fiore, the father told the court that the passport application required additional information and needed to be notarized. The trial court instructed Fiore to fully execute the new passport applications provided to her by the father. The court neither entered a new written order concerning the passport applications nor specified a date of compliance. Fiore took the applications and stated she would execute and return them to the father within a few days.
 

 Problems later developed with Fiore’s handling of the passport applications. The circuit court treated her conduct as direct criminal contempt, but it was not. The conduct concerning the contempt — the mother’s failure to execute and return completed passport applications to the father — did not occur in the “actual presence of the court.” Fla. R. Crim. P. 3.830.
 

 Direct criminal contempt results from conduct committed in the actual presence of the judge. It may be punished
 
 *1293
 
 summarily pursuant to Florida Rule of Criminal Procedure 3.830.
 
 See Gidden v. State,
 
 613 So.2d 457, 460 (Fla.1993). Direct criminal contempt under Rule 3.830 involves a limited category of contempt.
 
 See In re Oliver,
 
 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682 (1948). As the United States Supreme Court has explained, direct criminal contempt typically
 

 includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court’s business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent ‘demoralization of the court’s authority before the public.’
 

 Id.
 
 at 275, 68 S.Ct. 499 (quoting
 
 Cooke v. United States,
 
 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925)).
 

 On the other hand, indirect criminal contempt concerns conduct outside the judge’s presence and may be punished only after following the procedures set forth in Rule 3.840.
 
 Gidden,
 
 613 So.2d at 460. Strict compliance with Rule 3.840 is required in indirect criminal contempt proceedings.
 
 E.g., Levey v. D’Angelo,
 
 819 So.2d 864, 869 (Fla. 4th DCA 2002).
 

 Here, the judge did not follow the procedures of rule 3.840. We understand the judge’s frustration with the time it took to have Fiore perform a simple task. We note that the record supports the judge’s imposition of $1,175 in attorney’s fees as a sanction against Fiore.
 

 As to the other issue on appeal, we find that the trial court had subject matter jurisdiction to hear the father’s post-judgment request concerning the passport applications.
 

 We therefore affirm the June 24, 2008 order granting the father’s motion to compel and imposing sanctions and reverse the order finding Fiore in direct criminal contempt.
 

 GROSS, C.J., WARNER and CIKLIN, JJ., concur.