ROTHENBERG, J.
Myer Berlow (“former husband”) appeals from a non-final order finding him in contempt for failing to comply with the trial court’s order instructing him to provide Marlene Berlow (“former wife”) with an “irrevocable term life policy.” We reverse and remand for further proceedings.
The parties divorced in 1994. In June 2006, the parties entered into a post-dissolution agreement requiring the former husband to obtain, within ninety days, a $1,000,000 irrevocable term life policy, naming the former wife as the beneficiary. The former husband failed to secure the policy within the ninety-day period. Following a hearing addressing the former husband’s failure to obtain the insurance policy, Judge Fierro entered an order on September 18, 2006, granting the former husband an additional forty days to secure the policy.
In November 2006, the former wife filed a motion for contempt based on the former husband’s continued failure to furnish the life insurance policy. The matter was referred to a general magistrate, and on January 17, 2007, the general magistrate *83 entered an Agreed Report and Recommendation, stating that the former husband was in contempt of Judge Fierro’s September 18, 2006, order “based on his willful failure to comply and his stipulated ability to pay.” Judge Fierro approved the Agreed Report and Recommendation on February 9, 2007.
In September 2007, the former husband delivered to the former wife a $1,000,000 Accidental Death and Dismemberment Policy (“AD & D Policy”), naming the former wife as the beneficiary. Following a hearing on the former wife’s renewed motion for contempt, Judge Siegel entered an order on September 12, 2008, finding that the AD & D Policy did not satisfy Judge Fierro’s September 18, 2006, order or the parties’ agreement, and granted the former husband an additional thirty days to obtain the life insurance policy.
In October 2008, the former husband executed a change of beneficiary form for an existing $500,000 life insurance policy, naming the former wife as the beneficiary. Thereafter, the former wife filed another motion for contempt, asserting that the former husband failed to fully comply with Judge Fierro’s order dated September 18, 2006. Following a hearing, Judge Siegel entered an order on February 17, 2009, finding that the former husband willfully disregarded its prior orders and ordering the former husband to pay a $5,000 fine to the Miami-Dade County Fine and Forfeiture Fund within thirty days and to furnish the required insurance policy to the former wife. The contempt order, however, does not contain a purge provision. The former husband paid the fine, subject to his appellate rights, and this non-final appeal followed.
The former husband contends, and the former wife properly agrees, that the February 17, 2009, order of contempt cannot be sustained as either a valid civil or criminal contempt order. The contempt order under review does not state whether the trial court was holding the former husband in civil or criminal contempt.[1] “[D]etermining whether the contempt proceedings are civil or criminal is critical to the court and the parties because the nature of the contempt both determines the procedures for adjudication and sanctions that can be imposed.” Parisi v. Broward County, 769 So.2d 359, 364 (Fla.2000).
“The goal of civil contempt is remedial and for the benefit of the complainant, while the goal of criminal contempt is to vindicate the authority of the court or to otherwise punish offensive conduct.” In re Steffens, 988 So.2d 142, 144 (Fla. 5th DCA 2008); see also Parisi, 769 So.2d at 363-64; Jones v. Ryan, 967 So.2d 342, 344 (Fla. 3d DCA 2007). “In order for a sanction to qualify as one imposable for civil contempt, it must contain a purge provision that affords the contemnor the opportunity to avoid the sanction.” Lewis v. Nical of Palm Beach, Inc., 959 So.2d 745, 752 (Fla. 4th DCA 2007); see also Fla. Bar v. Forrester, 916 So.2d 647, 651 (Fla. 2005) (“[T]he hallmark of civil contempt is a purge provision allowing the contemnor to avoid the sanction imposed by complying with the court order.”); Parisi, 769 So.2d at 365 (“While there is a broad arsenal of coercive civil contempt sanctions available to the trial court, ... to be a *84 valid civil contempt sanction the contempt order must include a purge provision.”); Jones, 967 So.2d at 344 (providing that a “civil contempt sanction must include a purge provision”). On the other hand, as “criminal contempt is ‘a crime in the ordinary sense,’ imposition of criminal contempt sanctions requires that a contemnor be afforded the same constitutional due process protections afforded to criminal defendants.” Parisi, 769 So.2d at 364 (quoting Bloom v. Illinois, 391 U.S. 194, 201, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968)). In addition, indirect criminal contempt may be punished only after strict compliance with the guidelines set forth in Florida Rule of Criminal Procedure 3.840, see Fiore, 9 So.3d at 1293; Jones, 967 So.2d at 344-45, and failure to strictly follow rule 3.840 “constitutes fundamental, reversible error.” Graham v. Fla. Dep’t of Children & Families, 970 So.2d 438, 441-42 (Fla. 4th DCA 2007).
In the February 17, 2009, contempt order, Judge Siegel found that the former husband willfully disregarded prior court orders requiring him to furnish the former wife with the required $1,000,000 life insurance policy. The trial court held the former husband in contempt, and ordered him to pay a $5,000 fine to the “Miami-Dade County Fine and Forfeiture Fund” and to furnish the required $1,000,000 life insurance policy to the former wife. The order does not provide that the former husband can avoid the $5,000 fíne by furnishing the life insurance policy to the former wife. As the contempt order did not contain a purge provision, the $5,000 fine is a “flat, unconditional fine,” which is “considered a criminal sanction because it does not allow the contemnor to purge the contempt through compliance.” Parisi, 769 So.2d at 365 (emphasis in original); see also In re Steffens, 988 So.2d at 144 (holding that a $1,000 fine was an indirect criminal contempt sanction because the order imposing the fine did not contain a purge provision). As the contempt order under review appears to be for indirect criminal contempt as it does not contain a purge provision, and the proceedings failed to comply with rule 3.840, we reverse the order under review, including the imposition of the $5,000 fine, and remand for further proceedings. Upon remand, the trial court may proceed with contempt if the former husband does not furnish the required insurance policy to the former wife, but the trial court must elect either civil or criminal contempt and comply with the rules regarding the selected measure.
Reversed and remanded.

. Criminal contempt can be either direct or indirect. Direct criminal contempt results from conduct committed in the trial court's actual presence, whereas indirect criminal contempt results from conduct outside of the judge's presence. See Fiore v. Athineos, 9 So.3d 1291, 1293 (Fla. 4th DCA 2009). If the trial court intended to hold the former husband in criminal contempt, it was for indirect criminal contempt because the conduct did not occur in the trial judge’s presence.