STEVENSON, J.
 

 The Florida Department of Motor Vehicles (DMV) challenges an order dismissing an action for lack of prosecution between DMV and petitioner Jason Berg and requiring DMV’s counsel to make a $250 donation to the Palm Beach County law library as a sanction for her failure to appear at a “status conference for lack of prosecution.” We affirm the dismissal, but reverse the order to the extent that it imposes a sanction upon counsel.
 

 Here, after none of the parties or counsel attended a scheduled status conference, the trial court immediately entered an order dismissing the case for lack of prosecution and imposed a sanction on DMV’s counsel. Such sanction is plainly a criminal contempt sanction — a compelled “donation” to the county law library in no way benefits the adverse party and “ ‘[a]ny flat, unconditional fine is considered a criminal [contempt] sanction.’ ”
 
 In
 
 re
 
 Steffens,
 
 988 So.2d 142, 144 (Fla. 5th DCA 2008) (quoting
 
 Parisi v. Broward Cnty.,
 
 769 So.2d 359, 365 (Fla.2000)). Counsel’s failure to appear for a scheduled hearing has been characterized as an “indirect criminal contempt,” triggering the application of Florida Rule of Criminal Procedure 3.840.
 
 Id.
 

 Rule 3.840 requires the court to issue an order to the would-be contemnor stating the charge and requiring the party to appear before the court and show cause as to why he or she should not be held in contempt.
 
 See
 
 Fla. R.Crim. P. 3.840(a).
 
 *575
 
 The rule requires a hearing, that the defendant is afforded an opportunity to present evidence of mitigating circumstances, and that sentence be pronounced in open court.
 
 See
 
 Fla. R.Crim. P. 3.840(d), (g). None of those safeguards were employed in the instant case and, when contempt sanctions are at issue, “strict compliance” with the rules is required.
 
 See Fiore v. Athineos,
 
 9 So.3d 1291, 1293 (Fla. 4th DCA 2009). Accordingly, we reverse the order to the extent that it imposes a sanction upon counsel. Our reversal is without prejudice for further proceedings in regard to a sanction if the trial court so chooses.
 

 Affirmed in part and reversed in part.
 

 GROSS, C.J., and FARMER, J., concur.