ROTHENBERG, J.
We treat the petition filed by Alejo Angel Carmenates (“Mr. Carmenates”) as a petition for writ of certiorari, as it requests this Court “to exercise its certiorari jurisdiction.” Because the trial court’s order departs from the essential requirements of law, we quash portions of the order under review.
Annia Hernandez (“Ms.Hernandez”) and Mr. Carmenates cohabitated for approximately sixteen years, during which period Ms. Hernandez gave birth to children in 2004 and 2008. In January 2013, Mr. Car-menates moved out of the home he shared with Ms. Hernandez and the two children. Subsequently, in early August 2013, Ms. Hernandez filed a petition to determine the paternity of her minor children under chapter 742 of the Florida Statutes, asserting that Mr. Carmenates is the children’s natural father and seeking a determination as to parental responsibility, time-sharing, and child support.
In the paternity action, Ms. Hernandez filed an emergency motion seeking the return of a Toyota 4Runner that she had been using previously. Although the 4Runner has been titled in the name of Camaguey Auto Sales (“Camaguey Auto”) since October 2010, Ms. Hernandez drove the 4Runner until Camaguey Auto towed it from her home a few weeks after she filed the petition to determine paternity in 2013. The record indicates that Mr. Carmenates was Camaguey Auto’s registered agent until August 20, 2013.
Without any notice to Camaguey Auto, the trial court granted Ms. Hernandez’s motion for return of the 4Runner, ordering Mr. Carmenates — who does not own the 4Runner — to return the 4Runner “or a vehicle of like and similar quality” by 5:00 p.m. that evening. The following day, Ms. *633 Hernandez filed a motion for contempt against Mr. Carmenates, asserting that he failed to comply with the trial court’s order.
Later that month, Ms. Hernandez sought leave of court to file an “Amended Petition to Determine Paternity, Complaint for Conversion, Replevin and for Related Relief.” As the title of this pleading indicates, Ms. Hernandez not only petitioned for a determination of paternity under chapter 742, but also filed a complaint asserting two counts that are completely unrelated to the paternity petition. Count II of the amended pleading asserts a claim for conversion against Mr. Carmenates, Camaguey Auto, and Liset Porrero (“Por-rero”), who became the president of Cama-guey Auto a few months after Mr. Car-menates moved out of Ms. Hernandez’s home. This count asserts that Porrero and Mr. Carmenates converted both the vehicle and Ms. Hernandez’s interest in Camaguey Auto, and sought judgment against Mr. Carmenates, Camaguey Auto, and Porrero. Count III of the amended pleading asserts a claim for replevin against Mr. Carmenates, Porrero, and Camaguey Auto, and seeks to recover possession of the 4Runner.
Following a hearing, the trial court: (1) granted Ms. Hernandez’s motion for contempt, providing that Mr. Carmenates could purge the contempt by returning the 4Runner to Ms. Hernandez before 2:00 p.m. that day, and if he failed to purge the contempt, he was to turn himself in the following day at 9:00 a.m.; (2) granted Ms. Hernandez’s motion to amend her pleading; and (3) ordered Mr. Carmenates to pay Ms. Hernandez’s attorney $1100 within two days of the hearing, which represents payment for the four hours expended by Ms. Hernandez’s attorney “for this issue.” Thereafter, Camaguey Auto returned the 4Runner to Ms. Hernandez to avoid Mr. Carmenates’ incarceration. This petition followed.
I. Whether the trial court departed from the essential requirements of law in issuing the contempt order.
We first address whether the trial court departed from the essential requirements of law by ordering Mr. Car-menates to either return the 4Runner, which is not titled in his name, or face incarceration for contempt.[1] See Knorr v. Knorr, 751 So.2d 64, 65 (Fla. 2d DCA 1999) (noting that “prejudgment civil contempt orders are more properly reviewed by certiorari”); Blades v. State, Dep’t of Revenue ex. Rel. Stewart, 943 So.2d 300 (Fla. 3d DCA 2006). As we conclude that the trial court departed from the essential requirements of law, we quash the portion of the order under review holding Mr. Carmenates in contempt.
“The key safeguard in civil contempt proceedings is the ability of the contemnor to purge the contempt. A civil contempt order must contain a specific purge provision that adequately informs the contemnor what he or she must do to purge the contempt.” Lanza v. Lanza, 804 So.2d 408, 408 (Fla. 4th DCA 2001) (citations omitted).
The instant contempt order does contain a specific purge provision that adequately informs Mr. Carmenates what he needs to *634 do to purge the contempt. However, as the purge provision wrongfully requires Mr. Carmenates to take control over the 4Runner, which is not titled in his name, and the record does not demonstrate that he is in complete control of the entity that does own the 4Runner, Camaguey Auto, we find that Mr. Carmenates did not have the ability to purge the contempt, and therefore, he did not “carr[y] the keys of his prison in his own pocket.” Parisi v. Broward Cnty., 769 So.2d 359, 365 (Fla.2000) (quoting Int’l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)). Accordingly, we grant the petition, and quash the portion of the order holding Mr. Carmenates in contempt.[2]
Although we have quashed the contempt order, Ms. Hernandez is not left without a meaningful remedy to her inability to transport her children to school or herself to different locations as a home healthcare nurse so that she may support her children. Upon a proper motion, the trial court may award temporary child support to Ms. Hernandez[3] under section 742.031(1) of the Florida Statutes, which provides, in part: “The court shall issue, upon motion by a party, a temporary order requiring child support pursuant to s. 61.30 pending an administrative or judicial determination of parentage, if there is clear and convincing evidence of paternity on the basis of genetic tests or other evidence.” Therefore, upon Ms. Hernandez’s motion, the trial court may order Mr. Car-menates to pay temporary child support under section 61.30, if appropriate.
II. Whether the trial court departed from the essential requirements of law in allowing amendments to the paternity petition to include new allegations, counts, and defendants.
The trial court also departed from the essential requirements of law by granting Ms. Hernandez’s motion to amend her paternity petition filed under chapter 742 to add claims relating to the possession or ownership of property, and to add two additional defendants that are unrelated to the paternity of the two minor children. In a paternity action, “[t]he court shall determine the issues of paternity of the child and the ability of the parents to support the child.” § 742.031(1), Fla. Stat. (2013). A paternity action filed under chapter 742 is not to be utilized by formerly cohabiting individuals to determine issues relating to the division or ownership of property. See also Int’l Patrol & Detective Agency, Inc. v. Aetna Cas. & Sur. Co., 396 So.2d 774, 776 (Fla. 1st DCA 1981) (“Although generally leave to amend should be liberally granted so that matters may be tried on the merits, such amendments are not allowable if they would change the issue, introduce new issues, or materially vary the grounds for relief.”). Accordingly, we quash the portion of the *635 order granting Ms. Hernandez’s motion to amend her paternity petition without prejudice to assert these claims in a separate action.
Accordingly, we grant the petition for writ of certiorari and quash the portions of the order under review as indicated in this opinion, and remand to the trial court for a reconsideration of its award of attorney’s fees to Ms. Hernandez in light of this opinion and section 742.045, Florida Statutes (2013), which permits an award of attorney’s fees in a paternity action.
Petition granted; order quashed in part; and remanded for further proceedings.

. Although Camaguey Auto returned the 4Runner to Ms. Hernandez to avoid Mr. Car-menates’ incarceration, the contempt issues is not rendered moot. See Marconi v. Walther, 819 So.2d 936, 938 (Fla. 2d DCA 2002) ("[T]he husband’s payment of insurance premiums to purge himself from jail did not render the contempt issue moot.... [I]t would be unfair to allow an order in the court file to continue to show that the husband has been found in contempt_”) (citation omitted).

. The trial court is directed to enter an order facilitating the return of the 4Runner directly to Camaguey Auto, not Mr. Carmenates.

. Ms. Hernandez argues that the return of the 4Runner was ordered as a form of temporary child support. However, this contention is not supported by the record because: (1) the portions of the record provided by the parties do not contain a transcript of the hearings held before the trial court; (2) the orders entered by the trial court do not refer to temporary child support; and (3) the trial court could not have completely addressed the child support guideline factors as required in section 61.30, Florida Statutes (2013), because the lower tribunal docket indicates that only one financial affidavit has been filed in the paternity action. Thus, assuming that the trial court ordered Mr. Carmenates to return the vehicle as a form of temporary child support, based on the record before this Court, we conclude that the trial court departed from the essential requirements of law.