DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY PARKS,**
Appellant,

v.

**WELLS FARGO HOME MORTGAGE,**
Appellee.

No. 4D14-1470

[ January 6, 2016 ]

**CORRECTED OPINION**

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 502008CA8198XXXXMB.

Richard W. Glenn, Jupiter, and Lane Weinbaum of Weinbaum, P.A., Plantation, for appellant.

Michael K. Winston and Dean A. Morande of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellee.

PER CURIAM.

Anthony Parks appeals a circuit court order that found that he remained in contempt of an earlier contempt order and sentenced him to thirty days in jail with an opportunity to purge only after he completed that sentence. The sentence was to be served consecutively to another sentence Parks was serving in Miami-Dade County. We reverse and remand for the reasons below.

Parks was previously held in contempt in this cause, and the order on appeal was a continuation of that process. We recognize case authority supporting dismissal of appeals where appellants have been held in contempt of court of trial court orders. *See Viacao Aerea Sao Paulo, S. A. v. Pegasus Aviation, Inc.*, 904 So. 2d 631 (Fla. 3d DCA 2005); *Davidson v. Dist. Court of Appeal, Fourth Dist.*, 501 So. 2d 603 (Fla. 1987). However, we exercise our discretion not to dismiss the appeal in this instance

because Parks is appealing the very contempt order last issued against him.

The order being appealed appears to be a hybrid between a civil and an indirect criminal contempt order and, thus, is illegal. If regarded as a civil contempt order, it is fatally flawed for failure to contain a purge provision prior to the incarcerative sanction. *Parisi v. Broward County*, 769 So. 2d 359 (Fla. 2000); *Alves v. Barnett Mort. Co.*, 688 So. 2d 459, 460 (Fla. 4th DCA 1997). Absent a purge provision, a contempt order can be regarded as a criminal contempt order. If regarded as a criminal contempt order, it is flawed for failure to comport with the due process protections afforded criminal defendants, including the right to be represented by counsel, and the procedural requirements of Florida Rule of Criminal Procedure 3.840. *Jones v. Ryan*, 967 So. 2d 342 (Fla. 3d DCA 2007). The record does not demonstrate that these rights were extended to Parks.

We reverse and remand with instructions for the trial court to vacate the contempt order and jail sanctions.

*Reversed and Remanded.*

TAYLOR, DAMOORGIAN and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**