IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NEIL G. POWELL, M.D.,

      Appellant,

 v.

Case No.  5D16-3936

IRENE WASHINGTON,
GEORGE WASHINGTON and
GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      Appellees.

_____/

Opinion filed October 20, 2017

Appeal from the Circuit Court
for Orange County,
John E. Jordan, Judge.

Jim McCrae and J. Keith Ramsey, of
Holland & Knight LLP, Orlando, for
Appellant.

Christopher V. Carlyle, of The Carlyle
Appellate Law Firm, The Villages, for
Appellee, Irene Washington.

No Appearance for Appellee, George
Washington.

No Appearance for Appellee, GEICO.

WALLIS, J.

Neil G. Powell, M.D., appeals the trial court's final judgment granting attorney's fees and costs to Irene Washington as a sanction. Because the trial court erred by imposing the sanction, we reverse.

This appeal arises from an action by Washington for uninsured/under-insured motorist coverage against her insurer, GEICO, in which GEICO disclosed Powell as an expert witness. Powell initially objected to Washington's subpoena duces tecum, asserting that he "is employed by the Department of Defense as the only neurosurgeon east of Mississippi" and "is required to file a formal notice of leave at least six weeks in advance." Despite the objection, the trial court compelled Powell's attendance.

Washington later discovered that the Air Force, Powell's actual employer, had two neurosurgeons "east of the Mississippi." Powell also admitted that he provided only some of the requested records at the deposition and emailed the rest directly to GEICO's counsel. Accordingly, the trial court ordered Powell to attend a second deposition to provide the remaining records. Based on these facts, Washington moved to strike Powell for fraud on the court and asked that the court sanction Powell and his counsel "for continuously and knowingly perpetrating this fraud on the Court." Over two separate hearings, the trial court twice declined to strike Powell, finding that his actions did not rise to the level of fraud on the court. However, the trial court ultimately ordered Powell to pay Washington $4,997.45 in fees based on Powell's "misguided statements that caused [Washington] to double-check on him to determine that, in fact, he wasn't being completely truthful with us when he was making those statements."

2

Although not expressly labeled as such by Washington or the trial court, the award of attorney's fees most resembles a sanction for indirect criminal contempt because "the purpose of the fine was to punish [an expert witness] rather than to coerce his compliance," and "the order contained no purge provision permitting [him] to avoid paying the fine." See Price v. Hannahs, 954 So. 2d 97, 100 (Fla. 2d DCA 2007). "[I]ndirect criminal contempt may be punished only after strict compliance with the guidelines set forth in Florida Rule of Criminal Procedure 3.840, . . . and failure to strictly follow rule 3.840 'constitutes fundamental, reversible error.'" Berlow v. Berlow, 21 So. 3d 81, 84 (Fla. 3d DCA 2009) (quoting Graham v. Fla. Dep't of Child. & Fams., 970 So. 2d 438, 441–42 (Fla. 4th DCA 2007)). "Because criminal contempt is 'a crime in the ordinary sense,' imposition of criminal contempt sanctions requires that a contemnor be afforded the same constitutional due process protections afforded to criminal defendants." Parisi v. Broward Cty., 769 So. 2d 359, 364 (Fla. 2000) (quoting Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 826 (1994)).

Here, Washington moved for, and the trial court awarded, sanctions as punishment without the proper prosecution, requiring, *inter alia*, an order to show cause, an opportunity to respond, a full contempt hearing, and a judgment supported by a recital of the factual basis. See Fla. R. Civ. P. 3.840. Because the trial court imposed attorney's fees as sanctions against Powell without the correct procedure or the requisite finding of contempt, we reverse and remand for further proceedings. See Berlow, 21 So. 3d at 84; Price, 954 So. 2d at 100 (reversing fees as a criminal contempt sanction because "the

3

circuit court did not find [the witness] to be in contempt, and it did not recite a factual basis for doing so").[1]

REVERSED and REMANDED.

ORFINGER and EDWARDS, JJ., concur.

---

[1] The trial court may proceed with contempt on remand, but it "must elect either civil or criminal contempt and comply with the rules regarding the selected measure." See Berlow, 21 So. 3d at 84.