NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TODD KOZEL,                              )
                                         )
            Appellant,                   )
                                         )
v.                                       )          Case No. 2D16-2511
                                         )
ASHLEY D. KOZEL,                         )
                                         )
            Appellee.                    )
_____     )

Opinion filed April 27, 2018.

Appeal pursuant to Fla. R. App. P. 9.030
from the Circuit Court for Sarasota County;
Nancy K. Donnellan, Senior Judge.

John G. Crabtree, Charles M. Auslander,
and Brian C. Tackenberg of Crabtree &
Auslander, Key Biscayne, for Appellant.

Steven L. Brannock, Philip J. Padovano,
and Joseph T. Eagleton of Brannock &
Humphries, Tampa; Jeffrey D. Fisher and
Zachary R. Potter of Fisher Potter Hodas,
P.L., West Palm Beach, for Appellee.


LUCAS, Judge.

            Todd Kozel, the former husband, appeals two contempt rulings within an

omnibus order entered by the family court after several hearings on an array of

postjudgment issues.  We affirm without comment the ruling that granted his former

wife, Ashley Kozel's motion for contempt as to Mr. Kozel's nonpayment of child support. With respect to the ruling holding Mr. Kozel in contempt for violating the family court's injunction, we recognize that Mr. Kozel is presently challenging the merits of that injunction and an underlying judgment in a separate appeal pending before this court.[1] But that really is of no moment for our disposition of this appeal. Regardless of the injunction's propriety, the order "must be obeyed until vacated or modified by [the trial] court or until it has been reversed on appeal, no matter how unreasonable or erroneous." Kaylor v. Kaylor, 466 So. 2d 1253, 1254 (Fla. 2d DCA 1985) (citing Friedman v. Friedman, 224 So. 2d 424, 427 (Fla. 3d DCA 1969)); see also Seaboard Air Line Ry. Co. v. Tampa S. R.R. Co., 134 So. 529, 533 (Fla. 1931) ("A party proceeded against for disobedience of an injunction is never allowed to allege as a defense for his misconduct that the court erred in its judgment in granting the injunction or in refusing to dissolve it . . . ."). Finding no merit in any of his arguments in this appeal, we affirm the order below.

Affirmed.


KELLY and BADALAMENTI, JJ., Concur.

---

[1]Specifically, the injunction enjoined Mr. Kozel from "selling, transferring, alienating, pledging, forfeiting, hypothecating, encumbering, mortgaging, dissipating, spending and/or purchasing, and/or concealing and/or otherwise alienating any real property, personal property, securities, cash, or other assets or income of any kind or nature in which he holds an interest." Mr. Kozel does not dispute that he violated the terms of the injunction; he simply argues that the judgment which precipitated the injunction (which is the subject of his separate appeal) was erroneously entered.