# Third District Court of Appeal

## State of Florida

Opinion filed May 29, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D18-1127 & 3D18-457
Lower Tribunal No. 16-16651
_____

**Delilah Alonso,**
Appellant,

vs.

**Fernando I. De Zarraga,**
Appellee.


Appeals from the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Kutner and Associates; Young, Berman, Karpf & Gonzalez, P.A., and Cynthia L. Greene, for appellant.

Perez-Abreu & Martin-Lavielle, P.A., and Andy W. Acosta and Javier Perez-Abreu, for appellee.

Before EMAS, C.J., and SALTER and LOGUE, JJ.

EMAS, C.J.

In this consolidated appeal, the Former Wife appeals from an order determining where the parties' minor child should attend school, and an order imposing upon Former Wife a "sanction" of $12,500.

We affirm the first order, as the trial court's determinations (which were made following an evidentiary hearing) are supported by competent substantial evidence.

However, we reverse that portion of the trial court's second order imposing a sanction of $12,500 against the Former Wife, as we conclude this sanction was imposed as an indirect criminal contempt: The order contains no purge provision, and there is no language in the order to indicate it is intended to coerce the Former Wife's compliance with any order or obligation. Indeed, the trial court stated that this was imposed as a sanction for the actions of the Former Wife.

Further, there is nothing in the order to indicate how the trial court computed or otherwise arrived at the substantial figure of $12,500; we do know, however, that this figure does not represent attorney's fees incurred by the Former Husband, because the trial court contemporaneously ordered the Former Wife to pay the Former Husband's attorney's fees for these same aspects of the litigation.[1]

_____

[1] See, e.g., Goldman v. Estate of Goldman, 166 So. 3d 927 (Fla. 3d DCA 2015) where this court observed that while a trial court has the inherent authority to impose attorney's fees for bad faith conduct, such a sanction must contain an express determination of bad faith and be supported by detailed factual findings of the specific acts of bad faith conduct resulting in unnecessary attorney's fees. We further noted that the "amount of the award of attorneys' fees must be directly

2

Thus, we reach the inescapable conclusion that the court imposed this $12,500 fine as an indirect criminal contempt. See, e.g., Berlow v. Berlow, 21 So. 3d 81, 84 (Fla. 3d DCA 2009) (holding: "As the contempt order did not contain a purge provision, the $5,000 fine is a 'flat, unconditional fine,' which is 'considered a *criminal sanction* because it does not allow the contemnor to purge the contempt through compliance'") (citations omitted). See also In re Steffens, 988 So. 2d 142, 144 (Fla. 5th DCA 2008) (holding: "As the order fining Mr. Steffens did not include a purge or coercive provision, the contempt could not have been civil in nature"); Baker v. Green, 732 So. 2d 6, 7 (Fla. 4th DCA 1999) (holding: "The order is properly characterized as involving indirect criminal contempt, since a $10,000 fine was imposed to punish Baker for her disobedience of the trial court's previous orders and to deter similar conduct in the future.")

We therefore affirm the order on appeal in 3D18-1127. We vacate that portion of the order on appeal in 3D18-457 which imposes a sanction of $12,500, and affirm the remainder of that order.[2]

_____

related to the attorneys' fees and costs that the opposing party has incurred as a result of the specific bad faith conduct of the attorney," and this sanction "is appropriate only after notice and an opportunity to be heard—including the opportunity to present witnesses and other evidence." Id. at 929 (quoting Moakley v. Smallwood, 826 So. 2d 221, 227 (Fla. 2002)).

[2] We do not reach the merits of the trial court's decision to impose this sanction, but hold simply that the trial court failed to strictly comply with the required procedure established in Florida Rule of Criminal Procedure 3.840 for imposing an indirect criminal contempt sanction. Berlow, 21 So. 3d at 84 (noting that "indirect criminal contempt may be punished only after strict compliance with the guidelines

3

set forth in Florida Rule of Criminal Procedure 3.840" and that "failure to strictly follow rule 3.840 constitutes fundamental, reversible error") (quotations and citations omitted).