DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EMMANUEL O. DECIUS**,
Appellant,

v.

**DENISE S. DECIUS,**
Appellee.

No. 4D22-3254

[April 12, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Ashley C. Zuckerman, Judge; L.T. Case No. 502021DR004195XXXMB.

Jessica L. Underwood, Robin Bresky, and Jonathan Mann, of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellant.

Carlton Pierce of Carlton Pierce, P.A., Boynton Beach, for appellee.

**EN BANC**
**SUA SPONTE REDESIGNATION OF APPEAL**
**TO A PETITION FOR WRIT OF CERTIORARI**

FORST, J.

Appellant Emmanuel Decius appeals the trial court's pre-judgment order finding him in willful contempt for failing to provide property records pursuant to the trial court's previous order granting Appellee Denise Decius's motion for civil contempt, enforcement, and sanctions. We consider this case en banc to recede from our prior line of cases treating pre-judgment contempt orders as appealable nonfinal orders. We now hold that pre-judgment contempt orders are appealable nonfinal orders only if the ordered sanction falls within the subsections of Florida Rule of Appellate Procedure 9.130(a)(3). Since Appellant seeks review of an order solely finding him in contempt, and contempt alone is not an enumerated category of Rule 9.130(a)(3), we *sua sponte* treat Appellant's notice of appeal as a petition for writ of certiorari, and order Appellant to file a petition and appendix, as set forth below.

## Background

This appeal arises from Appellant's petition for dissolution of marriage and relates to Appellant's formerly or currently owned real property located in Haiti. During the proceedings—which have not yet culminated in a final judgment—the trial court found Appellant ignored multiple discovery orders related to the Haiti property, by either failing to timely provide the discovery or by failing to provide certain documents.

Due to these failures, the trial court granted Appellee's motion for civil contempt, enforcement, and sanctions, requiring Appellant to provide "3 years of Real Property Records." Several months later, Appellee filed a motion for civil contempt based on Appellant's noncompliance with the aforementioned trial court order.

At the hearing on Appellee's civil contempt motion, the trial court found that Appellant gave vague responses and was seemingly confused as to what records were required by the trial court's order. The trial court permitted Appellee to file an amended contempt motion, placing Appellant on notice that he had failed to comply with the request for real property records. After this amended motion was filed, the trial court asked Appellant whether he had provided the records. Appellant confirmed he had not.

The trial court found that Appellant willfully had failed to comply with the Court order requiring him to provide real property records. The court had not seen any indication Appellant "ever complied, *nor attempted to comply with*" its order in the eight months that had transpired since the order was issued. Additionally, the court found that Appellant "gave vague, misleading, and obfuscatory responses when questioned about property he owns, leases, and/or controls." The court noted that Appellant "had the ability to previously comply and that he has the current ability to comply and that he simply continues to ignore" the court's order requiring him to provide the real property records.

Consequentially, the trial court adjudicated Appellant to be in contempt and remanded him to the Palm Beach County jail for a period of thirty days. Per the order, Appellant could purge himself of this contempt by filing the three years of real property records within thirty days, or by providing a sworn and notarized affidavit listing all properties he has owned within the last four years and any income he received from the properties during that time frame. Additionally, the court directed that "[l]aw enforcement shall take no action at this time pursuant to the ability to purge."

Appellant now appeals this pre-judgment contempt order.

**Analysis**

We write to address the extent to which Florida Rule of Appellate Procedure 9.130 authorizes review of pre-judgment contempt orders.

The method of reviewing a civil contempt order differs depending on whether it is a post or pre-judgment contempt order. Post-judgment contempt orders are reviewed as final appeals. *See, e.g., Kozel v. Kozel*, 260 So. 3d 337 (Fla. 2d DCA 2018) (reviewing a contempt order on post-judgment issues as a final order pursuant to Rule 9.030). Here, however, the trial court has yet to issue a final judgment, so the court's contempt order cannot be reviewed as a final order.

For pre-judgment contempt orders, two scenarios exist. In the first scenario, if the party found in contempt is taken into custody, then the proper method for seeking review is a petition for a writ of habeas corpus. *See Elliott v. Bradshaw*, 59 So. 3d 1182, 1183 n.1 (Fla. 4th DCA 2011). Here, the order states that "law enforcement shall take no action," so a petition for a writ of habeas corpus would be improper.

The second scenario, where the party found in contempt has not been taken into custody, is before us. Rule 9.130(a)(3) provides an exhaustive list of nonfinal orders that can be appealed to the district courts of appeal. Contempt orders are not included on this list. Nevertheless, we have treated requests for appellate review of civil contempt orders issued prior to final judgments as permissible nonfinal appeals under Rule 9.130(a)(3).

In *Langbert v. Langbert*, 409 So. 2d 1066 (Fla. 4th DCA 1981), the appellant sought review of an order "finding him in civil contempt and fining him $2,000 per day until compliance for failure to obey prior court orders in a dissolution proceeding." *Id.* at 1067. The appellant, unsure of the proper method for reviewing such order, filed a notice of appeal and a petition for writ of certiorari with this court. *Id.* We accepted jurisdiction under Rule 9.130(a)(3) on the basis that subsections (a)(3)(C)(ii) and (iii) applied because the appealed order determined the right to immediate possession of property or the right to immediate monetary relief in a domestic relations matter. *Id.* at 1067 n.1.[1]

---

[1] Rule 9.130(a)(3) has changed little since *Langbert*. *See In re Emergency Amends. to Rules of Appellate Proc.*, 381 So. 2d 1370, 1386 (Fla. 1980). *Compare* Fla. R. App. P. 9.130(a)(3)(C)(ii) (2023) ("the right to immediate possession of property, including but not limited to orders that grant, modify, dissolve, or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment"), *with* Fla. R. App. P. 9.130(a)(3)(C)(ii) (1981) ("right to immediate possession of property"); *compare* Fla. R. App. P. 9.130(a)(3)(C)(iii) (2023) ("in family law matters: a. the

*Langbert* was the basis for our later decisions to find that pre-judgment contempt orders were reviewable under Rule 9.130(a)(3)(C). *E.g.*, *Parks v. Wells Fargo Home Mortg.*, 185 So. 3d 541, 542 (Fla. 4th DCA 2016); *Cont'l Cas. Co. v. Morgan*, 445 So. 2d 678, 680 (Fla. 4th DCA 1984). Yet, as time passed, we began to express doubts as to the jurisdictional basis to review these nonfinal orders under Rule 9.130(a)(3)(C). *See Calicchio v. Calicchio*, 693 So. 2d 1124, 1124 n.1 (Fla. 4th DCA 1997).

In *Alves v. Barnett Mortgage Co.*, 688 So. 2d 459, 460 n.1 (Fla. 4th DCA 1997), the majority opinion acknowledged that our sister courts had reviewed pre-judgment contempt appeals under certiorari jurisdiction, but our opinion reiterated that we had reviewed pre-judgment contempt orders under Rule 9.130(a)(3)(C). Judge Farmer's concurring opinion argued that nonfinal jurisdiction did not appear appropriate given that a contempt order was not one of the appealable orders listed under Rule 9.130. Judge Farmer suggested that Rule 9.130 should be amended to allow for the interlocutory appeal of contempt orders. *Id.* at 461–62 (Farmer, J., concurring specially).

More recently, a panel of this Court explained that "[i]f we were writing on a clean slate, we would not conclude that we have nonfinal review authorized by rule 9.130(a)(3). However, constrained by our prior caselaw, we have reviewed the instant contempt order as a nonfinal appeal." *100 Emerald Beach Way LC v. Thornton*, 341 So. 3d 346, 349 (Fla. 4th DCA 2022).

To initiate a "clean slate," we recede from our prior opinions permitting nonfinal appeals of all pre-judgment contempt orders. We join our sister courts in finding Rule 9.130(a)(3) does not authorize appeals of pre-judgment contempt orders unless the sanction in the contempt order falls within one of Rule 9.130(a)(3)'s enumerated categories.

By its plain terms, Rule 9.130 restricts which nonfinal orders may be reviewed by appeal. *Travelers Ins. Co. v. Bruns*, 443 So. 2d 959, 961 (Fla. 1984). Rule 9.130(a)(3) states that appeals to the district courts of appeal of nonfinal orders are "*limited*" (emphasis added) to those listed in subsections (A) to (G). By setting forth an exhaustive list, any category of case not listed in (A) to (G) must be excluded. *See Young v. Progressive Se. Ins. Co.*, 753 So. 2d 80, 85 (Fla. 2000) ("[T]he mention of one thing implies

---

right to immediate monetary relief; b. the rights or obligations of a party regarding child custody or time-sharing under a parenting plan; or c. that a marital agreement is invalid in its entirety"), *with* Fla. R. App. P. 9.130(a)(3)(C)(iii) (1981) ("right to immediate monetary relief or child custody in domestic relations matters").

the exclusion of another." (quoting *Moonlit Waters Apartments, Inc. v. Cauley*, 666 So. 2d 898, 900 (Fla. 1996))). In contrast, Rule 9.030(b)(2)(A) allows for certiorari jurisdiction as to nonfinal orders "other than as prescribed by rule 9.130." Thus, Rule 9.030(b)(2)(A) serves as a catch-all for those nonfinal orders which do not fall under the provisions of Rule 9.130(a)(3).

As described above, our caselaw following *Langbert* adopted an expansive view of Rule 9.130(a)(3) that we now find is in conflict with the Rule's plain language. By using the word "limited" to describe the breadth of our jurisdiction, Rule 9.130(a)(3) must be read restrictively. But it is not the text alone that compels this conclusion. We also find that a restrictive reading of Rule 9.130(a)(3) promotes judicial economy because "appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment." *Bruns*, 443 So. 2d at 961 (Fla. 1984); *see also Alves*, 688 So. 2d at 462 (Farmer, J., concurring specially) ("One could argue that common law certiorari would make some sense as a form of review, because it is an extraordinary remedy and more speedy than other forms of review.").

Finally, as noted earlier, our sister courts have determined that the proper avenue for pre-judgment contempt order review is through a writ of certiorari. *E.g., Thompson v. Melange*, 311 So. 3d 898, 902 (Fla. 1st DCA 2020); *Menke v. Wendell*, 188 So. 3d 869, 871 (Fla. 2d DCA 2015); *Carmenates v. Hernandez*, 127 So. 3d 631, 633 (Fla. 3d DCA 2013); *Juravin v. DCS Real Est. Invs.*, LLC, 313 So. 3d 924, 924–25 (Fla. 5th DCA 2021).[2] A number of these courts' opinions have explicitly noted that no language in Rule 9.130 authorizes pre-judgment review of contempt orders. *See, e.g., Sears v. Sears*, 617 So. 2d 807, 808 n.1 (Fla. 1st DCA 1993); *Stewart v. Mussoline*, 487 So. 2d 96, 97 (Fla. 3d DCA 1986).

Here, the trial court found Appellant in contempt for failing to comply with a discovery order. That was all. There is no subsection of Rule 9.130(a)(3) that allows appeals of nonfinal orders finding contempt alone.

We therefore *sua sponte* treat this "appeal" as a petition for writ of certiorari. *See* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy."). We recede from our caselaw inconsistent with this holding.

---

[2] The new Sixth District Court of Appeal has not had an opportunity to address this issue.

## Conclusion

Appellant was found in contempt for not complying with a discovery violation. A finding of pre-judgment contempt, without more, is not one of the enumerated bases for a Rule 9.130(a)(3) nonfinal appeal. We therefore order that the Notice of Appeal filed with the clerk of the lower tribunal is treated as a Petition for Writ of Certiorari. Petitioner shall file a petition and appendix in compliance with Florida Rule of Appellate Procedure 9.100 within twenty (20) days from the date of this opinion.

*Appeal redesignated as a petition for writ of certiorari.*

KLINGENSMITH, C.J., WARNER, GROSS, MAY, DAMOORGIAN, CIKLIN, GERBER, LEVINE, CONNER, KUNTZ and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6